[No. 3,124.]

JAMES S. MERRITT AND JOSEPH MERRITT v. DAVID CAMPBELL.

FORMER JUDGMENT AS A BAR.—A nonsuit suffered for any cause is not a bar to an action subsequently brought upon the same cause of action.

A RETRAXIT UNDER OUR PRACTICE.—Under our practice, the plaintiff in person cannot make a renunciation of his suit in Court, but such renunciation must be made by his attorney of record.

WHEN JUDGMENT OF DISMISSAL A RETRAXIT.—A judgment of dismissal, rendered on the application of either party, with the written consent of

the other, amounts to an open and voluntary renunciation of the plaintiff's suit, which amounts to a retraxit.

WHEN JUDGMENT OF DISMISSAL IS A BAR.—A judgment of dismissal, rendered upon the oral agreement of the parties in open Court, with a stipulation that each party pay his own costs, is a bar to another suit afterward brought upon the same cause of action.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

In the former suit, brought for the same cause of action, the following are the entries in the Minutes of the Court, and the judgment rendered:

"MONDAY, January 17, A. D. 1870.

"Court met pursuant to adjournment. Present, Hon. S. B. McKee, Judge, John B. Hewson, Clerk, and John H. Adams, Sheriff, when the following proceedings were had, to wit:

"James Merrit *et al.*

"*vs.*

"David Campbell.

"By agreement, it is ordered by the Court that the cause be dismissed; each party paying their own costs.

"S. B. McKEE, Judge."

JUDGMENT.

[Title of Court and Cause.]

"January Term, A. D. 1870.

"This cause came on regularly for trial, David Belden and Bodley and Rankin, Esqs., appearing as counsel for the plaintiffs, and Francis E. Spencer and Moore & Laine, Esqs., for the defendant. Whereupon, by agreement of the counsel for the respective parties, it was ordered by the Court that this cause be dismissed, each party paying his own costs. Thereupon the Court delivers its findings and decision, and orders that judgment be entered in accordance therewith.

"Wherefore, by reason of the law and the findings aforesaid, it is now adjudged and decreed that the judgment of

dismissal be entered herein, each party paying his own costs.

"Judgment rendered January 17th, 1870.

"JOHN M. LITTLEFIELD, Clerk."

The plaintiffs recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*F. E. Spencer*, for the Appellant, argued that the first judgment was a bar to the action, as such a judgment was not provided for by the one hundred and forty-eighth section of the Practice Act, and it was, therefore, a judgment on the merits, being a voluntary renunciation of the plaintiffs' suit in Court, and cited 2 Chit. Blackstone, 296; Bac. Ab. title nonsuit *A. Gibbs* v. *Ralph*, 14 M. and W. 805. He further argued that the transaction constituted an accord and satisfaction, and cited *Harper* v. *Graham*, 20 Ohio, 105; *Smith* v. *Monteith*, 13 M. & W. 427; and *Cowper* v. *Parker*, 15 C. B. 822.

*W. C. Kennedy* and *D. M. Delmas*, for the Respondents, argued that the former judgment was not a judgment on the merits, and therefore was not a bar, and cited Practice Act, Sections 148, 149; *Gray* v. *Dougherty*, 25 Cal. 266, 272, 273; *Johnson* v. *White,* 13 S. & M. 584; *Greely* v. *Smith*, 3 M. & W. 236; *Louderback* v. *Collins*, 4 Ohio, (N. S.) 251. They also argued that it was only when the point in issue had been determined that the judgment was a bar, and cited 1 Greenl. on Ev., § 529; *Knox* v. *Waldborough*, 5 Greenl. 185; *Hull* v. *Blake*, 13 Mass. 155; *Sweigart* v. *Beck*, 8 S. & R. 305; *Bridge* v. *Sumner*, 1 Pick. 371. They further argued that the effect of a judgment of dismissal entered upon the agreement of the parties was the same as if the plaintiffs had been nonsuited for non-appearance when the case was called, and cited *Horner* v. *Brown*, 16 How., U. S. 354; *Knox* v. *Waldborough*, 5 Greenl. 185; and *Wilbur* v. *Gilmore*, 21 Pick. 253; and that a judgment rendered on a *retraxit*, by the later decisions in England, was equivalent to a nonsuit, and cited Chitty's Pl. 929, n. 1; Tidd, index *Retraxit*.

By the Court, WALLACE, C. J.:

This is an action for the recovery of damages claimed to have been sustained by the plaintiffs in the destruction of their property by a fire, alleged to have been negligently kindled and carelessly tended by the defendant upon his own premises, and adjoining the premises of the plaintiffs, so that it spread and extended to the latter, consuming their fences, hay, farming utensils, etc. The action was commenced on the 25th day of April, 1870.

The defendant, among other defenses, pleaded that on the twenty-fifth day of November, 1869, the plaintiff commenced an action against him to recover damages for the same trespasses and injuries, and that thereafter such proceedings were had therein: that on the 17th day of January, 1870, by agreement of counsel, a judgment was rendered and entered by the Court to the effect that the cause be dismissed, each party paying his own costs, which said costs so adjudged against him, amounting to some thirty-five dollars, the said defendant had paid before the commencement of the present action. The defendant asked the Court to instruct the jury that the judgment dismissing the former action brought by the plaintiff was a bar to their recovery in this, but the Court refused to so instruct them, and its refusal in that respect is relied upon here as error.

It is an undoubted rule that a nonsuit, suffered for any cause, is not a bar to an action subsequently brought upon the same cause of action. To operate such a bar the judgment must have been one rendered upon the merits, or the proceedings in the former action must have amounted to a *retraxit*, as known in suits at common law, which, being "an open and voluntary renunciation of his suit in Court," the plaintiff was not left at liberty to afterward renew it.

A *retraxit* at common law, it is true, must have been the act of the plaintiff appearing in his proper person in Court, and not for that purpose by his attorney. But under our statute concerning attorneys and counselors at law (Sec. 9) this authority must be considered to be conferred upon the attorney of record in a cause (*Board of Commissioners* v.

CAL. REPS. XLVII—35.

*Younger*, 29 Cal. R. 147), and his power extends to a proceeding of that character.

The statute (Prac. Act, Sec. 148) provides for both a judgment of nonsuit and a judgment of dismissal, and, by subdivision 2, it is provided that a judgment of dismissal may be rendered at the application of either party upon the written consent of the other. We are of opinion that such a dismissal, when had by such consent, amounts to the open and voluntary renunciation of a suit pending, which must be held to operate a *retraxit*. We have the less hesitation in giving this construction to the statute because, in practice in this State it has generally, perhaps universally, been considered to be the intention of the parties, in agreeing to dismiss an action, to thereby put an end to the controversy.

In the *Bank of the Commonwealth* v. *Hopkins*, 2 Dana, 395, the first action brought was, by the judgment of the Court, "dismissed agreed." To a second action, brought upon the same cause of action, the defendant pleaded that judgment as a defense. In the opinion of the Court sustaining the defense, Mr. Chief Justice Robertson uses this language: "It has been frequently decided by this Court that the legal deduction from a judgment dismissing a suit 'agreed,' is that the parties had, by their agreement, adjusted the subject-matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties on the identical cause of action then adjusted by the parties, and merged in the judgment thereon rendered at their instance, and in consequence of their agreement."

In the case at bar there was not only a mutual agreement that the action be dismissed by the judgment of the Court, rendered pursuant to the agreement, but the defendant was, by the terms of the agreement of dismissal, adjudged to pay costs, which, except for the agreement and the judgment by which it was carried into effect, he was not bound to pay, but might have otherwise recovered against the plaintiff. These costs he had paid before the commencement of the present action, and to that extent the

plaintiff may be said to have obtained a recovery against the defendant in the action.   We are not to be understood as holding that a mere dismissal of an action by the plaintiff under the statute, and without any agreement upon his part to do so, is to be held to constitute a bar to its renewal, nor that a judgment of nonsuit, even entered by consent, would have that effect, but only that a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood, in the absence of anything to the contrary expressed in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves, through the judgment of the Court, as will constitute a defense to another action afterward brought upon the same cause of action.

Judgment reversed, and cause remanded for a new trial.

The foregoing opinion was delivered at the July Term, 1872.   A rehearing having been granted, the following opinion was delivered at the January Term, 1874:

By the Court, CROCKETT, J.:

The argument on the rehearing has failed to shake our confidence in the correctness of the views expressed in our former opinion in this cause.   Section 148 of the Practice Act, then in force, provides that "an action may be dismissed or a judgment of nonsuit entered in the following cases: First, by the plaintiff himself, at any time before trial, upon the payment of costs, if a counter-claim has not been made.   Second, by either party upon the written consent of the other.   Third, by the Court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.   Fourth, by the Court, when upon the trial, and before the final submission of the case, the plaintiff abandons it.   Fifth, by the Court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury."   The judgment of dismissal put in evidence in this case does not come within

either of these categories. The action was not dismissed by the plaintiff at his own cost, as provided in the first subdivision; nor by either party upon the written consent of the other, as provided in the second subdivision, but by the oral agreement of both parties in open Court, the defendant agreeing to pay costs, for which he was not then liable; nor by the Court for the failure of the plaintiff to appear at the trial, or because he failed at the trial to make out a case for the jury, as provided in subdivisions three and five; nor because the plaintiff upon the trial abandoned the case, as provided in subdivision four. These are the only conditions recognized by the statute, on which a judgment of dismissal or nonsuit may be entered, and the plaintiff's case does not come within either of them. But section 149 of the Practice Act provides that "in every case, other than those mentioned in the last section, the judgment shall be rendered on the merits." This judgment, therefore, not rendered in accordance with any of the provisions of section 148, but upon the oral agreement of the parties in open Court, and with a stipulation that the defendant would pay certain costs, which had not been adjudged against him, must be deemed to be a judgment against the plaintiff on the merits, rendered by consent of the parties. These views are merely corroborative of those expressed in our former opinion, which will, therefore, stand as the opinion of the Court.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion on the rehearing.