[No. 680.]

## THOMAS PHILLPOTTS, RESPONDENT, *v.* H. G. BLASDEL, APPELLANT.

EJECTMENT — JUDGMENT OF DISMISSAL — WHEN A BAR TO AN ACTION FOR MESNE PROFITS.— Where an action of ejectment for the recovery of a mining claim is dismissed by the stipulation of attorneys, that each party shall pay his own costs and the plaintiff be released from all liability on his injunction-bond, and the defendant conveys his interest in the premises to plaintiff: *Held*, that the judgment of dismissal is a bar to any other suit between the same parties on the identical cause of action, and that an action for *mesne profits*, founded upon the same title, could not thereafter be maintained.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

On the 22d day August, A. D. 1871, the plaintiff Phillpotts commenced an action of ejectment in the district

court of the eighth judicial district against defendant Blasdel, to recover the possession of certain mining ground on the Ward Beecher claim. A restraining order was issued, enjoining and restraining defendant from extracting or removing any quartz rock, earth or ore from said mining ground.

On the 14th day of October, A. D. 1872, the following stipulation was signed by the respective attorneys and filed in said cause: "It is hereby stipulated that this cause shall be dismissed, each party paying his own costs, and plaintiff being released from all liability on his undertaking for restraining order in said cause." Judgment of dismissal was thereupon entered, pursuant to the terms of said stipulation. On the same day, in accordance with the agreement and understanding of the parties, the defendant conveyed to plaintiff all his right, title and interest in the mining ground in controversy in said action.

This action was commenced on the 23d day of October, A. D. 1872, and was brought to recover the sum of ninety-three thousand seven hundred and two dollars, alleged to be the value of the ore extracted and removed by the defendant from the identical mining ground in controversy in the prior action of ejectment.

On the trial the court below ruled out the complaint, answer, stipulation and judgment in the former action, and excluded all the evidence offered by defendant relating to the former suit.

The following instruction asked by defendant was also refused:

"Thirteenth. If the jury believe from the evidence that on the 22d day of August, 1871, the plaintiff Phillpotts brought an action in the eighth judicial district court of the State of Nevada against the defendant Blasdel, to recover the mining claim described in the complaint, alleging * * * that the plaintiff was the owner of, in the possession of, and entitled to the possession of said claim, and that defendant, on or about July 1st, 1871, entered said claim and ousted and ejected plaintiff therefrom; and if the

jury further believe that the defendant Blasdel answered in said action denying plaintiff's ownership, possession and right of possession, and alleging ownership, possession and right of possession in himself; and if the jury further believe that afterwards, and on the 14th day of October, A. D. 1872, the plaintiff and defendant compromised and settled said action upon the terms that each should pay his own costs, and upon the further terms that the plaintiff should be released from liability upon the injunction-bond given in said action; and upon the further terms that defendant Blasdel should convey to said plaintiff Phillpotts * * * the claim in dispute, * * * and that Blasdel did so convey; and if the jury further believe from the evidence, that after said settlement and compromise was made a judgment was entered upon the stipulation of the plaintiff and defendant that each party should pay his own proper costs, and that defendant should be discharged of the action; and if the jury further believe that the * * * ground so conveyed was part of the ground embraced in said suit, and is the same ground for which it is charged the defendant extracted and removed the ore alleged in the complaint, then the jury are instructed to find a verdict for the defendant."

The jury found a verdict in favor of plaintiff for eight thousand three hundred dollars. Defendant appeals.

*Robert M. Clarke*, for Appellant.

The court below erred in granting plaintiff's motion to strike out the complaint, answer, stipulation and judgment, in the case of *Phillpotts* v. *Blasdel*, and in denying defendant's instruction to the effect that the judgment in the former case was a bar to this action.

The issues in the two cases are identical, except in this case damages are claimed. But in this case no damages are recoverable except upon proof and judgment of title in plaintiff. But this is made impossible by the settlement and judgment in the other case. The former judgment is a bar. (Freeman on Judgments, Sec. 262; *Bank of Common-*

*wealth* v. *Hopkins*, 2 Dana, 395; *Jarboe* v. *Smith*, 10 B. Monroe, 257; *Merritt* v. *Campbell*, 47 Cal. 543.)

*Thomas Wren and Fred. W. Cole*, for Respondent.

The dismissal of the action of ejectment is not a bar to respondent's recovery in this action. This action is not for the same cause of action. The action of ejectment was dismissed upon the written consent of the defendant. That is sufficient; and the fact that the party stipulated further, that each party should pay his own costs, and that plaintiff should be relieved from liability upon his injunction-bond, could not alter the effect of the dismissal, neither upon principle nor authority.

Plaintiff had two separate and distinct causes of action against defendant. One for the possession of twenty feet of mining ground; the other for the value of ore taken from the ground. He commenced his action for the possession of the ground. Will it be doubted that if he had recovered the ground in that action, that he could then have proceeded upon his other cause of action, and have recovered in that also? Certainly not. Why, then, should he be cut off from recovering the balance of the ore, because he recovered possession of his ground by a different and more expeditious and less expensive mode? The stipulation expresses the exact terms of the settlement of the former suit, taken in connection with the last deed from Blasdel to Phillpotts.

By the Court, BELKNAP, J.:

An action of ejectment for a mining claim between the parties to the present action was dismissed upon the written stipulation of their attorneys, conditioned that each party paid his own costs, and the plaintiff be released from liability on an undertaking given for a restraining order. Judgment was entered accordingly. Subsequently the present action of trespass for the mesne profits was commenced. In both cases the plaintiff relied upon the same title. The defendant pleaded the judgment in the ejectment

suit, and offered it in evidence upon the theory that it was a bar to the plaintiff's recovery. The refusal of the court to allow this evidence to go to the jury is assigned as error. The intention deduced from the agreement of the defendant to pay costs, for which he was not otherwise liable, and his release of the plaintiff from liability on the injunction-bond, is that the parties had adjusted their controversy; and this view is strengthened by the fact that the defendant in pursuance of the settlement quitclaimed the title in litigation to the plaintiff.

The judgment rendered is not embraced within the provisions enumerated in section 151 of the Practice Act for a judgment of dismissal or nonsuit, and is, therefore, by the terms of the statute, made a judgment upon the merits. For the reasons recited it is against the plaintiff. Its legal effect is to operate as a bar to any other suit between the same parties on the identical cause of action. (*Bank of the Commonwealth* v. *Hopkins*, 2 Dana, 395; *Jarboe* v. *Smith*, 10 B. Monroe, 257; *Merritt* v. *Campbell*, 47 Cal. 542.) It is contended, however, in behalf of plaintiff, that such judgment will not work an estoppel to the present action. The claim for mesne profits is founded upon the title and is inseparable from it. To recover, the plaintiff is necessarily required to put in issue and establish his right to the land. In such actions it is settled that a defendant is estopped to deny the record of a judgment in favor of a plaintiff in a prior action of ejectment founded upon the same title; and, as estoppels are mutual, the converse is true, that a like judgment rendered against a plaintiff estops him from asserting his title. Therefore we think the defense was well pleaded.

Judgment reversed and cause remanded.

HAWLEY, J., having been of counsel for appellant in the ejectment suit, did not participate in the foregoing decision.