[No. 4580. Decided June 26, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES G. STEWART *et al., Appellants.*

CONSPIRACY — SUFFICIENCY OF INFORMATION.

An information charging defendants with feloniously conspiring together to obtain from a member of the state medical examining board, for a money consideration, the set of questions to be propounded at the ensuing medical examination to be held by said board as required by law, to which answers were to be prepared in advance, so as to enable one of the defendants to pass the examination and thereby fraudulently and unlawfully procure a license to practice medicine, states a cause of action.

SAME — EVIDENCE — VARIANCE.

Where the charge in an information is the unlawful conspiracy to. fraudulently obtain examination questions from the state medical examining board, it would be immaterial whether the questions were actually obtained or not, and hence the admission by the state as a fact that the questions were not so obtained would not constitute a variance.

SAME.

The fact that one of the conspirators supposed that he was conspiring with a member of the board, through a go-between,

when in fact he was conspiring with his co-defendant, would be immaterial, since it is not necessary to show that conspirators actually come together in person.

Appeal from Superior Court, King County.—Hon. Arthur E. Griffin, Judge. Affirmed.

*Sweeney, French & Steiner* and *Richard Winsor,* for appellants:

To constitute indictable conspiracy there must be a combination or agreement of two or more persons to commit some act known and recognized as an offense punishable either as a crime or prohibited under penalties of statute, or there must be a combination and agreement between · two or more persons to accomplish a lawful purpose by unlawful means. *Alderman v. People,* 4 Mich. 414 (69 Am. Dec. 321); *People v. Richards,* 1 Mich. 216 (51 Am. Dec. 75); *State v. Noyes,* 25 Vt. 415; *Commonwealth v. Hunt,* 38 Am. Dec. 347; *Smith v. People,* 25 Ill. 17; *State v. Potter,* 28 Iowa, 556; *State v. Bartlett,* 30 Me. 134. Where the unlawfulness of the means employed ·is relied upon to make the conspiracy a criminal one, the means must be set out with particularity and certainty. *State v. Ripley,* 31 Me. 386; *Hartmann v. Commonwealth,* 5 Pa. St. 60.

Defendants submit that there is an absolute variance in this case, because it is an impossibility for two men, alone, to conspire, when one of the alleged conspirators does not know the other in the transaction. *United States v. Frisbie,* 28 Fed. 808; *Woodworth v. State,* 20 Tex. App. 375. And further, because the testimony shows that the intention of both defendants was to get these questions from Dr. Wilson, who was not a member of the board, and known not to be a member by at least one of the alleged

conspirators. *Evans v. People,* 90 Ill. 384; *Commonwealth v. Harley,* 7 Metc. (Mass.) 506.

In conspiracy, the gist of the offense is the unlawful combination or agreement; and an instruction that it is not necessary to prove that the parties ever actually came together was consequently erroneous. *State. v. Rowley,* 12 Conn. 101; *State v. Sterling,* 34 Iowa, 444; *State v. Pulle,* 12 Minn. 164; *State v. Burnham,* 15 N. H. 396; *State v. Noyes,* 25 Vt. 415.

*W. T. Scott,* Prosecuting Attorney, and *Elmer E. Todd* (*Walter S. Fulton* and *Vince H. Faben,* of counsel), for respondent:

For all offenses at common law not defined by statute the offender may be tried. Bal. Code, § 6774. Under the above section the common law offense of conspiracy is indictable. *Bradshaw v. Territory,* 3 Wash. T. 265. A conspiracy to do an act prejudicial to the public generally is indictable. Clark & Marshall, Crimes, pp. 318, 319; McLain, Criminal Law, § 962. Conspiracies which involve mischief to the public are indictable, although neither the object sought to be accomplished, nor the means used for its accomplishment, is criminal. *Commonwealth v. Ward,* 1 Mass. 473; *State v. Burnham,* 15 N. H. 396. An act, if accomplished, need not be indictable. If the design is opposed to public right and justice, it is sufficient. 6 Am. & Eng. Enc. Law (2d ed.), 848-850. In support of the sufficiency of the information, see *State v. Bartlett,* 30 Me. 132; *State v. Noyes,* 25 Vt. 415; *State v. Glidden,* 55 Conn. 46; *Commonwealth v. Andrews,* 132 Mass. 263; *Schwab v. Mabley,* 47 Mich. 572; *Carew v. Rutherford,* 106 Mass. 1.

The point is made that, because the appellants Lawson

and Stewart did not know each other by name in the transaction, therefore the charge in the information is not sustained. But, through their agent and mouthpiece, Braid, they dealt with each other and arranged the terms and conditions of the unlawful combination. They are therefore as effectually bound as if they had dealt with each other in person. It is not necessary to show that conspirators actually come together. *Spies v. People,* 122 Ill. 1; *Frank v. State,* 27 Ala. 37; *The Mussel Slough Case,* 5 Fed. 680; *United States v. Nunnemacher,* 7 Biss. 111; *People v. Mather,* 4 Wend. 229 (21 Am. Dec. 122).

The opinion of the court was delivered by

DUNBAR, J.—The appellants were prosecuted under the following information:

"They, the said James G. Stewart and O. V. Lawson, and each of them, in the county of King, state of Washington, on or about the 12th day of December, 1901, wilfully, unlawfully, wickedly, feloniously, falsely and designedly did conspire, combine, confederate and agree together to obtain from a member of the State Medical Examining Board for the State of Washington, a set of questions agreed upon by said board to be propounded at the ensuing medical and surgery examination to be held by said board as required by law, in advance of said examination, for a consideration in money, to wit: the sum of six hundred dollars ($600.00), said sum to be paid to said member of said board in consideration of the delivery by said member of said questions to the said James G. Stewart, who, it was understood and agreed, as aforesaid, was to prepare the answers to said questions and to deliver the said questions and answers so prepared to the said O. V. Lawson, who, it was understood and agreed, would appear at the ensuing meeting of the State Medical Examining Board and then and there would submit to and take the examination then and there to be held by said board as required by law, and, by the fraudulent and unlawful use

of said questions and answers so obtained, it was under-
stood and agreed, as aforesaid, that the said O. V. Lawson
would thereby be enabled to falsely, fraudulently and un-
lawfully pass said examination, and it was understood and
agreed as aforesaid that the said O. V. Lawson would
thereby obtain fraudulently and unlawfully from said
board a license to practice medicine and surgery in the
state of Washington, entitling the said O. V. Lawson to
practice medicine and surgery under the laws of the state
of Washington, with the intent then and there, on the part
of each of said defendants, to defraud and injure the peo-
ple of the state of Washington, said agreement, confedera-
tion and conspiracy then and there having a tendency to
injure the public."

They were found guilty, and sentenced to pay a fine of
$500 and costs of suit. A demurrer to the information
was interposed and overruled, which ruling is assigned
here as error. We think it sufficient to say that the de-
murrer was properly overruled, and that the information
stated a cause of action.

The defendants moved for a directed verdict after the
introduction of the following written stipulation:

"It is hereby stipulated and agreed between the state of
Washington, by the prosecuting attorney, and the defend-
ant O. V. Lawson, that it is conceded and admitted to be a
fact by the state that no person charged in or connected
with the conspiracy charged in the information in this case
applied to or obtained from any member of the State Med-
ical Examining Board for the State of Washington a set of
questions agreed upon by said board to be propounded at
the medical and surgical examination ensuing after the
12th day of December, 1901, to be held by said board as
required by law; that no such application was made by
any such person for a consideration of money or other-
wise; that no member of said state medical examining
board was approached upon the subject by any such per-
son."

This stipulation was entered into by the prosecuting attorney and attorney for the defendant Lawson. It is claimed by the appellants that this stipulation negatives every allegation of the information, and that thereby is established a fatal variance between the proof and the allegations of the information. The proof shows that at the time of the commission of this offense the appellants were advertising themselves as physicians in the city of Seattle; that appellant Lawson was not legally entitled to practice medicine, and did not have the requisite qualifications to pass the examination required by law; that the appellants Stewart and Lawson entered into an agreement by which Stewart was to obtain possession of the questions and answers which were to be submitted to the students by the medical board at its next meeting, whereby Lawson would be enabled to pass the examination and receive the proper certificate entitling him to practice medicine. Lawson and Stewart dealt with each other through an intermediary, one Braid. Stewart represented to Braid that he would obtain these questions and answers from one Dr. Wilson, whom he represented to be a member of the board. It developed during the trial that in all probability Wilson was a fictitious character. So far as the stipulation is concerned, it can make no material difference whether the questions were obtained from the board or not, or whether they were obtained at all or not, as the offense charged is the unlawful agreement to so obtain them. It appears plainly from the testimony that the intent of the appellants was to unlawfully obtain for Lawson the certificate or license desired. The crime was completed when they entered into the agreement to defraud the state medical board in the manner proposed. Neither the character nor the proper definition of a crime is dependent upon the suc-

cess or failure of the enterprise. Nor does it make any difference that Lawson thought that the medium through whom the questions and answers were to be obtained was Wilson instead of Stewart, or even that he thought that the name of the man with whom he was conspiring was Wilson instead of Stewart. The two men actually arranged the terms and conditions of the unlawful combination through the aid of the go-between, and they are as responsible as though they had dealt with each other in person. It is not necessary to show that conspirators actually come together, or that they are acquainted with each other.

"The gist of the offense is the fraudulent and corrupt combination, with intent that injury shall result. It is sufficient if two or more, in any manner, through any contrivance, positively or tacitly, come to a mutual understanding to accomplish a criminal or unlawful design." 4 Am. & Eng. Enc. of Law, 587.

Accepting appellants' definition, viz., that to constitute an indictable conspiracy there must be a combination or agreement of two or more persons to commit some act known or recognized as an offense punishable either as a crime or prohibited under penalties of statute, or there must be a combination and agreement between two or more persons to accomplish a lawful purpose by unlawful means, we think the information and proof were sufficient. For, while it is not unlawful to pass the medical examination or to attempt to pass it, the information alleges, and the proof shows that the appellants conspired together for the purpose of assisting Lawson to do a lawful thing in an unlawful manner. While not unlawful in its nature, it was unlawful in respect to the means to be used in accomplishing it.

It is insisted by the appellants that, where the unlawful means only is involved, the information must set forth the

conspiracy with certainty and particularity. But we think the information in this particular is not subject to criticism. No error is discoverable in the admission or rejection of testimony, or in giving or refusing to give instructions.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and HADLEY, JJ., concur.