[No. 6556.   Decided March 26, 1907.]

STATE MEDICAL EXAMINING BOARD et al., *Respondents*, v.
JAMES G. STEWART, *Appellant*.[1]

JUDGMENT — BAR — DISMISSAL AND NONSUIT — EFFECT OF STIPULA-
TION.  A dismissal of a proceeding under a stipulation dismissing
the same without costs to either party, does not amount to a retraxit,
and cannot be pleaded in bar of another action without alleging
facts showing a full settlement of the contested points.

SAME — ABATEMENT — MERITS.  A dismissal of an action on the
ground of the pendency of another action for the same cause, cannot
be pleaded as a determination of the merits in a subsequent action.

LIMITATION OF ACTIONS — PHYSICIANS AND SURGEONS — LICENSES —
PROCEEDINGS TO REVOKE — RULE OF EVIDENCE.  Under Laws 1905, p. 70,
providing no limitation, the statute of limitations cannot be pleaded
in bar of a proceeding to revoke the license of a physician on the
ground of a conviction of an offense involving moral turpitude, under
Bal. Code, § 3015, making the same conclusive evidence of unpro-
fessional conduct, as the same is but a rule of evidence to which the
statute of limitations does not apply.

Appeal from a judgment of the superior court for Pierce
county, Linn, J., entered November 7, 1906, upon sustaining
a demurrer to defendant's answer, affirming upon appeal the
action of the state medical board in revoking appellant's
license to practice medicine.   Affirmed.

*John E. Humphries* and *Geo. B. Cole*, for appellant.

*Walker & Munn*, for respondents.

MOUNT, J.—On June 16, 1906, the respondent Arntson
filed a complaint with the state medical board, seeking to
revoke the license of appellant to practice medicine within
the state.   The complaint alleged that the appellant was
guilty of unprofessional and dishonorable conduct, and par-
ticularly stated the facts showing a conviction of appellant
on September 30, 1903, for an offense involving moral turpi-

[1]Reported in 89 Pac. 475.

tude, the facts in regard to which will be found in the case of *State v. Stewart*, 32 Wash. 103, 72 Pac. 1026. The appellant appeared before the board and contested the charges. The board sitting in Pierce county sustained the charges and made an order revoking the appellant's license to practice medicine in the state. The appellant appealed to the superior court of Pierce county. He thereupon filed an answer, not denying the charges in the complaint, but alleging that the same charge had been made against him on July 7, 1904, in Spokane county, and that under said charge the examining board revoked his license to practice medicine, and he thereupon appealed to the superior court of Spokane county; that in July, 1905, while the said appeal was pending in the superior court of Spokane county, another charge of the same offense was filed against him in King county, and that the board there again revoked his license and he thereupon appealed to the superior court of King county; that the said appeal in King county was tried and the superior court of that county dismissed the proceedings, upon the ground that another action for the same offense was then pending in the superior court of Spokane county; that the medical board thereupon appealed from said order to this court; that thereafter, by stipulation, the parties dismissed the actions pending in Spokane county and King county, and the appeal pending in this court; that said dismissals are a bar to the prosecution of this case. The answer then pleads both the two-year and three-year statute of limitations as a bar to the action. The lower court sustained a demurrer to this answer, and the appellant elected to stand upon the allegations of the answer; whereupon a judgment was entered affirming the action of the medical examining board in revoking appellant's license. This appeal is prosecuted from that judgment.

The appellant contends that the dismissal of the cases in King county and Spokane county amounts to a retraxit, and therefore is a bar to any further prosecution of the same

charge against the appellant. It is no doubt the rule that, where the parties to an action have settled their dispute and agreed to a dismissal, such dismissal is a retraxit and amounts· to a decision upon the merits. It is not alleged in the answer, nor is it now claimed, that there was any settlement or agreement of settlement of the controversy between the parties to this action, but appellant maintains that the legal effect of the dismissal by stipulation amounts to a settlement and bar to further prosecution, and cites *Merritt v. Campbell*, 47 Cal. 542, and *Phillpotts v. Blasdel*, 10 Nev. 19, in support of that contention. The authorities are not in accord upon this question, as will be seen by § 33, vol. 1, Van Fleet on Former Adjudication. In *Haldeman v. United States*, 91 U. S. 584, 23 L. Ed. 433, the supreme court of the United States said:

"It is a general rule, that a plea of former recovery, whether it be by confession, verdict, or demurrer, is a bar to any new action of the same or the like nature for the same cause. This rule conforms to the policy of the law, which requires an end to the litigation after its merits have been determined. But there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. . . . Suits are often dismissed by the parties; and a general entry is made to that effect, without incorporating in the record, or even placing on file, the agreement. It may settle nothing, or it may settle the entire dispute. If the latter, there must be a proper statement to that effect to render it available as a bar. But the general entry of the dismissal of a suit by agreement is evidence of an intention, not to abandon the claim on which it was founded, but to preserve the right to bring a new suit thereon, if it becomes necessary. It is a withdrawal of a suit on terms, which may be more or less important. They may refer to the costs, or they may embrace a full settlement of the contested points; but, if they are sufficient to bar the plaintiff, the plea must show it."

See, also, *Bishop v. McGillis*, 82 Wis. 120, 51 N. W. 1075; *Butchers' etc. Ass'n v. Boston*, 137 Mass. 186.

We think the rule above stated is the just and proper rule. The action which was brought in King county was tried upon the plea that another action between the same parties for the same cause was pending in Spokane county. That plea was sustained, and for that reason alone the action in King county was dismissed. But that dismissal had no effect upon the issues in the original action then pending in Spokane county. Those issues stood for trial unaffected by the abatement of the action in King county. *Tacoma v. Tacoma Light & Water Co.*, 15 Wash. 499, 46 Pac. 1119; 5 Current Law, p. 2; 1 Cyc. 21; 1 Ency. Plead. & Prac. 776. The dismissal of the King county case was, therefore, not a determination of the cause of action upon the merits, and needs no further consideration. Subsequently the parties stipulated to dismiss the case pending in Spokane county, without cost to either party. There is nothing in the record to show that the case was settled or determined, except the mere fact of dismissal, and this, according to the rule above stated, is not sufficient to constitute a bar. The statute provides that, "An action may be dismissed or judgment of nonsuit entered in the following cases: . . . 2. By either party upon the written consent of the other." Bal. Code, §5085 (P. C. § 727). "When a judgment of nonsuit is given, the action is dismissed, but such judgment shall not have the effect to bar another action for the same cause." Bal. Code, § 5087 (P. C. § 729). Notwithstanding the case of *Merritt v. Campbell, supra,* apparently to the contrary upon statutes similar to ours, we think a written stipulation of both parties stating that, "The above-named cause now pending . . . be dismissed without costs to either party," falls squarely within the statute, and is just as effective to dismiss the action without prejudice as if the stipulation were consented to by one party and signed by the other. We are, therefore, of the opinion that the answer of the appellant was not sufficient to constitute a bar to the action.

Appellant next contends that the cause is barred by the

statute of limitations.    This is a special proceeding pre-
scribed by the provisions of law relating to medicine and
surgery.   Pierce's Code, § 6284 *et seq.* (Laws 1905, ch. 41).
The statute provides that a license to practice medicine may
be revoked by the state examining board upon complaint
charging unprofessional or dishonorable conduct.    And it is
provided by Pierce's Code, § 6285 (Bal. Code, § 3015), that
a conviction of any offense involving moral turpitude shall
constitute unprofessional or dishonorable conduct.    Pierce's
Code, § 6287 (Bal. Code, § 3017), provides for an appeal
from the board of examiners to the superior court of the
county in which was held the last general meeting of such
board; and also provides that such appeal shall stand for
trial *de novo* in all respects as ordinary civil actions, and like
proceedings shall be had thereon.    No time is limited within
which such proceedings shall be commenced.    The appellant
argues that, because no time is fixed, such actions must be
commenced within two years, under the provisions of Bal.
Code, § 4805 (P. C. § 289a).    It is unnecessary for us to
decide the technical question presented whether this is a
civil action within the meaning of the statute, because we are
satisfied such statute does not apply to this case in any event.
The object of the statute was to prevent immoral or dis-
honorable persons from procuring licenses to practice medi-
cine in this state, and if persons having licenses were found
to be unprofessional or dishonorable, then their licenses might
be revoked.    The character of the person at the time the
charge of unprofessional conduct is made controls his right
to the license.    This character is proved by his conduct in
the past.    A conviction of any offense involving moral turpi-
tude is made conclusive evidence of unprofessional conduct.
It is not contemplated by the statute that the examining board
shall try the accused and find him guilty of an offense involv-
ing moral turpitude when there has already been a trial and
conviction.    Such former conviction by a court of competent
jurisdiction is conclusive evidence of the moral character and

professional conduct of the accused at the time the charge is made against him.   The statute, therefore, constitutes a rule of evidence in such cases, to which the statute of limitations does not apply.

In the case of *Hawker v. People of New York*, 170 U. S. 189, 18 Sup. Ct. 573, 42 L. Ed. 1002, the supreme court of the United States, in considering a statute similar to our own, said:

"But if a state may require good character as a condition of the practice of medicine, it may rightfully determine what shall be the evidences of that character. . . .   It is not open to doubt that the commission of crime, the violation of the penal laws of a state, has some relation to the question of character.   It is not, as a rule, the good people who commit crime.   When the legislature declares that whoever has violated the criminal laws of the state shall be deemed lacking in good moral character it is not laying down an arbitrary or fanciful rule,—one having no relation to the subject-matter, —but is only appealing to a well-recognized fact of human experience; and if it may make a violation of criminal law a test of bad character, what more conclusive ·evidence of the fact of such violation can there be than a conviction duly had in one of the courts of the state?   The conviction is, as between the state and the defendant, an adjudication of the fact.   So, if the legislature enacts that one who has been convicted of crime shall no longer engage in the practice of medicine, it is simply applying the doctrine of *res adjudicata* and invoking the conclusive adjudication of the fact that the man had violated the criminal law, and is presumptively, therefore, a man of such bad character as to render it unsafe to trust the lives and health of citizens to his care."

In addition to the cases there cited, see, also, *In re Lowenthal*, 78 Cal. 427, 21 Pac. 7: *Ex parte Tyler*, 107 Cal. 78, 40 Pac. 33, to the effect that the statute of limitations does not apply in cases of this character.

We conclude, therefore, that the court properly sustained the demurrer to the answer.   The judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.