CARLOS MERINO, SUCCESSOR OF RAFAEL SEIJO CASALDERE, Plaintiff and Appellee, *v.* CITY OF NEW YORK FIRE INSURANCE COMPANY, AUTOMOBILE FIRE INSURANCE COMPANY, AMERICAN INSURANCE COMPANY and CAMDEN FIRE INSURANCE COMPANY, Defendants and Appellants.

Nos. 3565, 3566, 3567 and 3568.   Argued December 4, 1925.—
Decided May 7, 1926.

*Jaime Sifre, Jr., Horacio Franceschi* and *Enrique Igaravídez* for the Appellants. *Antonsanti & La Costa* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

These actions were brought by Carlos Merino to recover the amounts of policies of insurance on the schooner *María Magdalena* which foundered on April 29, 1921, while on a voyage to Sánchez, Dominican Republic, and in all of them counsel for the plaintiff filed motions reading as follows: "That the plaintiff desires to withdraw this action by reason of the decision rendered in civil action No. 675, entitled Carlos Merino, Sucessor of Rafael Seijo Casaldere, v. Globe Fire Ins. Co., decided by the District Court of San Juan, First District, for which reason the plaintiff respectfully moves this court to enter a judgment of withdrawal without special imposition of costs." The judgments so moved for were entered on April 27, 1923, in the case against City of

New York Fire Ins. Co.; on the same date in the case against Automobile Fire Insurance Company; on May 8, 1923, in the case against American Insurance Company, and on April 28, 1923, in the case against Camden Fire Insurance Company.

At that stage the plaintiff, by newly employed attorneys, filed on September 6, 1923, motions that the court vacate its judgments and grant the plaintiff an opportunity to argue his cases on their merits.

On August 7, 1924, the district court, after considering the motions and the evidence introduced and the decision of this court in the case of *Carlos Merino* v. *Globe Fire Ins. Co.,* 33 P.R.R. 406, vacated the judgments, and from that ruling of the court these appeals have been taken, which will be disposed of in only one opinion.

The appellants made the following assignment of errors:

"The court erred in sustaining the motion to vacate the judgment for the following reasons:

"(*a*) Because inadvertence or ignorance of the law on the part of counsel as a consequence of which the plaintiff is prejudiced is not a sufficient reason for vacating the judgment and opening the case under section 140 of the Code of Civil Procedure.

"(*b*) Because the voluntary withdrawal of a suit by the plaintiff can not be rectified or annulled on the alleged ground of inadvertence, error, ignorance or excusable neglect of the court and of the adverse party.

"(*c*) Because said motion is insufficient in that it does not allege the facts upon which to base inadvertence, error, surprise or excusable negligence under said section 140 in order to enable the court to exercise its discretion thereunder.

"(*d*) Because, as the only ground alleged as a basis for the motion is that neither the parties, the court nor the attorneys took into account that there was a clause in the policy whose effect was to annul the printed clause therein on which the District Court of San Juan based its judgment dismissing the complaint in the Globe Rutgers Case, the evidence introduced to support that plea does not show that such was the case.

"(*e*) Because the plaintiff did not allege in his motion, nor show

by the evidence that prior to and after the dismissal of this action he was free or exempt from blame, fault or excusable negligence in connection with said withdrawal and therefore he can not avail himself of the provision of said section 140.

"II.—That when the judgment by withdrawal was rendered the appellant consented to its carrying no special imposition of costs; that such a state of facts amounts to a retraxit and constitutes a bar or sufficient defense against any other action brought by the plaintiff on the same subject matter, and that in entering its order vacating this judgment and opening the case the court deprives the said defendant of this defense, prejudicing in an irreparable way the rights of the appellant herein."

In order to consider the assignment of errors it is first necessary to know the facts. As we have said, all of these suits, as well as the one against The Globe Fire Insurance Company, were brought to recover on insurance policies covering the same vessel, the schooner *Maria Magdalena*. In the action against The Globe Fire Insurance Company judgment was rendered against the plaintiff on March 23, 1923. On September 5, 1923, a motion was made to vacate the judgment and that motion was overruled by the court on October 3, 1923. The plaintiff appealed and this court reversed the lower court's ruling (33 P.R.R. 406, *supra*). In its opinion this court, by Mr. Justice Wolf, expressed itself as follows:

"Because of the error of the court in believing itself without authority to entertain the motion the order appealed from must be reversed and the case sent back for further proceedings not inconsistent with this opinion. When the case goes back the court may consider the merits of the motion and hear both parties on affidavits or otherwise to ascertain whether the complainant made out a case of excusable neglect and whether the complainant moved promptly to vacate after discovering the error."

When the case went back to the district court the plaintiff moved for and was granted leave to amend his complaint and verify his motion, whereupon he exhibited the following affidavits:

"Gabriel Palerm: That he is the attorney in fact of Carlos Merino, the plaintiff herein.—That after judgment in this case was entered on March 23, 1923, he made daily visits for about a month; and a half to Carlos J. Torres, Carlos Merino's attorney, to inquire from him as to the action that could be brought in behalf of the interests of his principal, Carlos Merino, during which time Carlos Torres informed the affiant that he was studying the case and also taking steps with Sobrinos de Ezquiaga requesting them to make the payment, inasmuch as their Mr. Mendía was willing to help Merino in collecting the amount of his policy.—That after a month and a half, or about the end of May or the beginning of June, attorney Torres informed the affiant that nothing else could be done in the matter because it was not proved at the trial that Sobrinos de Ezquiaga were the agents of the defendant company.—That in the month of July affiant went to see attorney Pedro Santana, Jr., a lawyer of this city, stating the case to him, and was advised that inasmuch as judgment had been entered in the case and no appeal had been taken, there was no other remedy available. That a few days later and as soon as he could the affiant was able to see attorney Salvador Suau, a lawyer of this city, and asked his advice on the same matter about the end of June, and the said lawyer, about the end of July, advised him that he believed that there was no remedy available.— That soon after he was so advised by attorney Suau the affiant learned that attorney Frank Antonsanti was in San Juan, he having returned from the United States, and as soon as he was informed of that attorney's return he went promptly for his advice on the matter, inasmuch as in former years Antonsanti had rendered professional services to the affiant and was personally known to him. That attorney Antonsanti requested from the affiant all the documents which he had taken to the other lawyers by whom he had previously been advised, and he gave them to Antonsanti by the middle of August, 1923, and that at the end of that month the affiant was called by said attorney and informed that after a careful study of the matter he was of the opinion that the court could be moved to vacate the judgment on the ground of certain errors and that if the court should grant the motion plaintiff Merino would then have a way clear to recover the amount of the policy.—That he immediately authorized attorney Antonsanti to bring such proceedings as he should think proper, and on September 5, 1923, he filed the motion that has given rise to this question.—And the affiant states that since the date on which the judgment in this case was entered, that is, March 23,

1923, until September 5, 1923, when the motion to vacate that judgment was filed, the affiant was diligent in asking the help of the lawyers above mentioned, and the said motion was not filed before the said date because of the advice given to him by said lawyers. That on June 23, 1924, the affiant went to Suau's office to get a sworn statement from him, but could not get it because Suau went to Spain more than a month before and at present is not in Porto Rico.— And besides, the affiant says that Carlos Merino is at present, and was when the opinion of the Supreme Court was rendered, out of Porto Rico and that is the reason why this affiant makes this affidavit instead of Carlos Merino.''

Pedro Santana, Jr., lawyer, corroborated the affidavit of Palerm.

Frank Antonsanti, lawyer, did likewise.

The following facts are stated in the sworn petition finally filed:

''That about March 10, 1922, the petitioner herein, through his then counsel, Carlos Torres, filed in this court a complaint against the Globe Rutgers Insurance Company in an action to recover on a policy.

''That in this complaint, among other things, it was alleged that about the 28th of March, 1920, Rafael Seijo Casaldere was the owner of the schooner *Maria Magdalena.*

''That the defendant corporation had insured the said schooner in the amount of $2,500 and issued the corresponding policy to cover the same against the perils of the seas, etc., for the period between May 12, 1920, and May 12, 1921, as may be seen from the said policy which was made a part of that complaint.

''That in said complaint it was further alleged that about the month of January, 1921, Rafael Seijo Casaldere assigned his rights in the schooner *Maria Magdalena* to Carlos Merino, the plaintiff herein, who therefore became the successor in ownership of said schooner as well as of the rights in the policy that had been issued in favor of the former; that the defendant was given notice of that change or transfer on April first, 1921, and that about the 29th of April, 1921, the schooner *Maria Magdalena,* which was then the property of plaintiff Carlos Merino, left the port of Mayagüez bound for the Dominican Republic and sank accidentally at sea, without fault of the captain or crew and without its being due to the negligence or lack of experience of captain or crew.

"That the plaintiff presented his claim in due form to the insurance company, the defendant herein, through their agents in this city, Sobrinos de Ezquiaga, and they refused to pay the amount of said policy.

"To this complaint the insurance company filed its answer and among the several defenses raised to justify itself in not paying the amount of the policy there was one which said:

" 'That the policy was void because when the schooner sank she was still insured in favor of Rafael Seijo Casaldere, and in favor of no other person, and that if the latter assigned and transferred the said policy to Carlos Merino he did it without the consent of the defendant and against the express terms of the said policy, which provided that he could not sell, assign or transfer the policy without the consent in writing of the defendant, which consent was never given.'

"The petitioner alleges that one of the general conditions printed in the policy to which the foregoing defense refers in effect provides that the policy shall be void if it is transferred without the consent in writing of the company, said clause being the one which resulted in the judgment rendered to which we refer below.

"And the petitioner alleges that the trial of this case was held on time before Judge López Acosta and after hearing the parties the said judge, on March 23, 1923, entered a judgment which disposed of the case as follows:

" 'The defendant herein raises the following question:

" 'That according to the contract of insurance there is no cause of action in favor of plaintiff Carlos Merino, inasmuch as the policy of insurance is in the name of another person, and according to its contents any transfer or assignment made without the consent of the insurer renders the contract of insurance void.

" 'One of the conditions of this policy of insurance is as follows:

" 'It is also agreed that this insurance shall be void in case this policy or the object insured thereby shall be sold, assigned, transferred, or given as security without the previous consent in writing of the insurer.

" 'There is no doubt that this contract was binding on the parties and noncompliance therewith rendered it void. Plaintiff Carlos Merino, even supposing that the said transfer was lawful, could never acquire the ownership of said policy until it was duly authorized or consented to by the insuring company.

" 'From the evidence introduced it appears that such consent was

never given; therefore there had not been a valid transfer of the property or a valid sale of the schooner with respect to the policy of insurance, and the said plaintiff has no cause of action for its amount.

" 'For these reasons the court is of the opinion that as a cause of action has not been shown, it is proper to dismiss the complaint herein filed, adjudging that the plaintiff pay the costs, disbursements and attorney's fees.'

"As is clearly seen, the court in deciding this case took into consideration only the defense raised by the defendant on the only fact that as the policy had been assigned without the consent in writing of the company, plaintiff Carlos Merino had no cause of action for the amount thereof.

"And the petitioner herein alleges that as it appears from the pleadings and the stenographic record, which documents are made a part of this motion, neither the parties, their attorneys, nor the court itself took into account that the policy in its WRITTEN CLAUSES did not in fact insure Rafael Seijo Casaldere particularly, but that the insurance was 'for account of whom it may concern.'

"And the petitioner herein continues to allege that, as a question of law and in accordance with the clauses of the policy hereto attached, the said Rafael Seijo Casaldere was in no way bound to give notice of the transfer of the policy or of the schooner, or to ask permission from the insurance company to transfer the said policy or the interest that he should have therein, because from the policy itself it appears that such consent was not necessary, inasmuch as the policy provided in those special clauses that the insurance was made not only in favor of Rafael Seijo Casaldere but for account of whom it might concern, that is, in favor of his successors in interest, as it is a settled principle that when in a written document there are contradictory clauses, some being printed and others written, the meaning and effect of those clauses that are in writing and which are special always overcome those clauses that are printed, which are considered as general.

"And the petitioner continues to allege that on account of an erroneous understanding the petitioner herein, who was the plaintiff in that case, failed to move for a new trial within the lawful term and likewise allowed to pass the lawful period allowed for an appeal from that judgment, without having availed himself of that right; therefore the petitioner is without any lawful remedy against that judgment, with the exception of the remedy provided for in section

140 of the Code of Civil Procedure, and the petitioner states that if this court should reconsider the judgment entered in this action or in any other way relieve the petitioner of the prejudices which that judgment causes to him by reconsidering, reviewing or setting it aside and granting him leave to present his case again before this court in a clear way and in accordance with the actual facts and to show that no consent of the company was required for a valid assignment of the policy, the purposes of justice would be complied with and the irreparable damage that has been caused to the petitioner herein would be redressed.

"Therefore, the plaintiff prays this court, under the provision of section 140 of the Code of Civil Procedure and in the use of its absolute discretion and in furtherance of justice, to grant to the injured party herein appearing the only remedy of which he may avail himself, that is, to set aside the judgment rendered by this court to which we have been referring, either by reconsidering, reviewing or setting it aside, and thus relieve the petitioner herein of the results of the same, and as a consequence thereof to grant him an opportunity so that the petitioner may show that the defendant company is legally bound to pay the sum of $2,500, the amount of the policy."

What has been copied above appears from the transcript of the record in the case of Merino v. The Globe, which was introduced in evidence in each one of these suits. With the exception that in these cases the judgment was rendered by withdrawal, the facts on which the petitioner based his motion that the said judgments be set aside are the same as in the said case of Merino v. The Globe.

Now we will proceed to examine the errors assigned. The first is divided into five parts.

(a) The appellants contend that as the only ground alleged for setting aside the judgments was the misunderstanding as to the meaning of a clause of the contracts on which the suits were based, the case involves a mistake of law chargeable to the plaintiff's counsel, which, according to the jurisprudence, is not a sufficient ground for setting aside a judgment.

The appellants cite a number of cases that support their contention, but we believe that in Porto Rico there is a

broad legal provision on the matter—section 140 of the Code of Civil Procedure—that allows the setting aside of a judgment because of mistakes of law by counsel, within the term fixed by the statute, whenever the circumstances are such that such a measure should be taken in furtherance of justice. This conclusion is supported, besides, by the jurisprudence of California where a statute similar to ours is in force. We will quote only from a case decided by the Supreme Court of that state wherein the following was held:

"Relief on the ground of mistake, under section 473 of the Code of Civil Procedure, is not confined to mistakes of fact, but that section is broad enough to justify the action of the court in relieving a party from a mistake of law on the part of his attorney, when, by his reliance upon it, he is prevented from making any defense." *Douglass* v. *Todd,* 96 Cal. 655.

(*b*) If it is possible—and we have just seen that it is— to set aside a judgment on the ground of excusable mistakes of law, it does not matter that the judgment has been rendered on withdrawal. It is true that a meritorious case must be involved, but withdrawal is not an obstacle that can not be overcome.

(*c*), (*d*) and (*e*) The other subdivisions of the first assignment of error may be studied together. In our judgment the petition, in relation to the evidence introduced, shows that the district court had a basis for exercising, and did properly exercise, its discretional power to set aside the judgments of withdrawal.

Referring again to the case of *Douglass* v. *Todd,* 96 Cal. 655, 658, we find in the opinion, precisely preceding the paragraph which we have transcribed, the following considerations which it seems proper to quote:

"Ignorance is often the result of negligence, though it can not always be attributed to that cause.

"Defendant was not guilty of any negligence. Had he relied upon his own judgment as to the law applicable to the fact of his case, it might have been negligence. But he went to a practicing

attorney, and had a right to suppose him to be competent, and was justified in acting upon his advice."

There is not the slightest showing that the clause of the policy containing the words "for account of whom it may concern" and which presents the legal problem for decision under an entirely different aspect was invoked by plaintiff's attorney, nor even by defendant's counsel, or taken into consideration by the trial court. On the contrary, the defendant relied on another clause which, it seems, had no force or effect, given the fact that the very defendant put in the policy the words "for account of whom it may concern." We believe that, although stronger direct evidence might have been presented, that which was introduced was sufficient.

There was no negligence on the plaintiff's part. He did all that he could and at last was fortunate enough to find the legal help required. It is a meritorious case which proves the wisdom of the Legislature in enacting section 140 of the Code of Civil Procedure. A few days more and several judgments rendered on a contract without one of its essential clauses having been considered, due to an oversight, would have remained in full force and effect notwithstanding that, perhaps, they were entirely unjust.

The second assignment of error raises the question of *retraxit*. Without its being understood that we hold that the rule is applicable in Porto Rico—a question which has not been discussed by the parties—we will study it as raised by the appellants and discussed by the appellee. Let us examine the jurisprudence.

In the case of *Westbay* v. *Gray*, 116 Cal. 660, 666, the Supreme Court of California, citing 3 Blackstone's Commentaries, 296, said:

"A *retraxit* occurred at common law when a plaintiff came into court in person and voluntarily renounced his suit or cause of action, and when this was done and a judgment was entered in favor of defendant the plaintiff's cause of action was forever gone."

It is true that in *Merritt* v. *Campbell*, 47 Cal. 542-43, the Supreme Court of California held:

"A judgment of dismissal, rendered on the application of either party, with the written consent of the other, amounts to an open and voluntary renunciation of the plaintiff's suit, which amounts to a *retraxit.*".

And it is also true that in this case withdrawal was moved for and granted without special imposition of costs, a pronouncement which amounts to saying that each party shall pay its costs, and that at the foot of the motions for withdrawal it is stated that "the defendant consents that judgment be rendered as requested," but it is necessary to admit that there is a difference in the facts.

In the case of *Merritt* v. *Campbell, supra,* the reasoning of the court to reach the conclusion stated is as follows:

"The statute (Prac. Act, Sec. 148) provides for both a judgment of nonsuit and a judgment of dismissal, and by subdivision 2, it is provided that a judgment of dismissal may be rendered at the application of either party upon the written consent of the other. We are of opinion that such a dismissal, when had by such consent, amounts to the open and voluntary renunciation of a suit pending, which must be held to operate a *retraxit.* We have the less hesitation in giving this construction to the statute because, in practice in this State it has generally, perhaps universally, been considered to be the intention of the parties, in agreeing to dismiss an action, to thereby put an end to the controversy.

"In the *Bank of the Commonwealth* v. *Hopkins*, 2 Dana, 395, the first action brought was, by the judgment of the Court, 'dismissed agreed.' To a second action, brought upon the same cause of action, the defendant pleaded that judgment as a defense. In the opinion of the Court sustaining the defense, Mr. Chief Justice Robertson uses this language: 'It has been frequently decided by this Court that the legal deduction from a judgment dismissing a suit "agreed," is that the parties had, by their agreement, adjusted the subject-matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties on the identical cause of action then adjusted by the

parties and merged in the judgment thereon rendered at their instance and in consequence of their agreement.'

"In the case at bar there was not only a mutual agreement that the action be dismissed by the judgment of the Court, rendered pursuant to the agreement, but the defendant was, by the terms of the agreement of dismissal, adjudged to pay costs, which, except for the agreement and the judgment by which it was carried into effect, he was not bound to pay, but might have otherwise recovered against the plaintiff. These costs he had paid before the commencement of the present action, and to that extent the plaintiff may be said to have obtained a recovery against the defendant in the action. We are not to be understood as holding that a mere dismissal of an action by the plaintiff under the statute, and without any agreement upon his part to do so, is to be held to constitute a bar to its renewal, nor that a judgment of nonsuit, even entered by consent, would have that effect, but only that a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood, in the absence of anything to the contrary expressed in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves, through the judgment of the Court, as will constitute a defense to another action afterward brought upon the same cause of action." Pages 546–47.

And in this case there is nothing showing the existence of an agreement or settlement between the parties on the substance of the matter. Without being convinced, as was shown by his subsequent personal acts, the plaintiff, by his attorney, appeared before the court and asked a dismissal, but on what ground? Only on the decision in the suit that he brought against The Globe Co. under the erroneous impression that has been explained. The same unfounded basis for the judgment rendered in The Globe Co. Case was extended to these other cases. And when that basis disappears its effect must be extended also to these cases.

Nor are the proceedings and the legal situation the same in the two cases. In the California case a new action was brought by the plaintiff notwithstanding the previous withdrawal and the withdrawal was alleged as a bar. And here

the court is requested, in the exercise of the power which the statute gives to it, to relieve the plaintiff of the effects of the judgment by withdrawal in order that he may then be able to again bring his case before the court.

We shall not stop to determine whether or not a good cause of action was shown. That question is discussed in the case of *Merino* v. *Globe R. F. Ins. Co., ante* p. 365. We only want to say with respect to the existence of an agreement on costs that if the agreement was complied with it must stand; otherwise that will be a fact to be considered duly by the court for the exercise of its discretion.

The orders appealed from must be affirmed.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

As sufficiently appears from the majority opinion, the original judgment against the complainant in this case was rendered at his own solicitation and with his own consent; he was relieved from paying costs and the defendant paid its own costs. This constituted a retraxit and put an end to the litigation. Our Code of Civil Procedure has been taken from California and the principle of retraxit is recognized there under the code. *Stoutenborough* v. *Bd. Education,* 104 Cal. 664; *Merritt* v. *Campbell,* 47 Cal. 542; *Crossman* v. *Davis,* 79 Cal. 603; *Hibernia Savings, etc., Soc.* v. *Portener,* 139 Cal. 93.

Independently of the name by which it is called, when a man comes into court and solemnly without reserve renounces any cause of action against a defendant this is better than a release under seal. It is a solemn declaration on the part of the complainant that the defendant is forever released. Except in a clear case of deceit or the like, which no one pretends existed here, he is bound by his act which is a complete estoppel. *Interest reipublicae ut sit finis litium.*

Section 140 of the Code of Civil Procedure is altogether

inapplicable to such a situation. It provides that a party may be relieved from a judgment, order or other proceeding "taken against him through his mistake, inadvertence, surprise or excusable neglect." The proceeding was initiated by complainant and he desisted therefrom. Hence there was no proceeding taken against him, not even a judgment for costs. Whatever existed was his own achievement, voluntarily set in motion by him. There was no inadvertence, surprise or excusable neglect. Everything was the deliberate act of the complainant.

The majority opinion only seeks to distinguish this action from a case of retraxit by saying that the courts here assume a compromise and none arose here. The presumption of a compromise was not destroyed merely by the complainant moving to set aside the judgment. There was no other evidence to rebut the presumption.

Furthermore, the record shows that the complainant in at least two of the suits was relieved from the payment of costs; no counsel fees were imposed against him, which would have been considerable here in Porto Rico. There was a clear compromise of these rights by the defendant.

However, personally, I should not rely on the presumption of a compromise but like a release under seal the judgment whatever the motive evidenced the desire of the parties to end all claim of the complainant and all obligation on the part of the defendant.

Hence I feel obliged to dissent.