## KAY v. KAY.

### Opinion delivered November 10, 1924.

JUDGMENT—DISMISSAL OF SUIT—RES JUDICATA.—Where a decree dismissed a suit at defendant's cost, and one of the defendants paid the costs, such decree was an adjustment of the merits of the controversy and a bar to a subsequent suit by such defendant's widow and heirs upon the issues joined in the prior suit.

Appeal from Fulton Chancery Court; *Lyman F. Reeder*, Chancellor; affirmed.

*H. A. Northcutt* and *G. T. Humphries*, for appellant.

The general statute of limitations had not run against any of the plaintiffs, and for that reason the one-year nonsuit statute does not apply. 102 Ark. 65; 93 Ark. 215. L. P. Kay was acting in a fiduciary capacity; hence no statute of limitations would run against the plaintiffs. 96 Ark. 577; 49 Ark. 242; 54 Ark. 640; 78 Ark. 111; 84 Ark. 557; 102 Ark. 65; 103 Ark. 385; 113 Ark. 39; 129 Ark. 149. The three-year statute does not apply to an infant who desires to disaffirm a deed. 103 Ark. 312; 34 Ark. 596; 44 Ark. 158; 51 Ark. 294.

*Oscar E. Ellis*, for appellee.

There was no fiduciary relation on the part of L. P. Kay with reference to the land in question. The fact that he was administrator did not create that relation, since there were far more personal assets, as shown by appellant's own testimony, than necessary to take care of the liabilities of the estate. 27 Ark. 235; 46 Ark. 373. This dismissal of the former suit was more than a mere nonsuit; it was an adjudication, and binding upon the parties and their privies. 70 S. W. 527; 24 Am. & Eng. Enc. of L., 728, and cases cited; 105 Ark. 105; 96 Ark. 451; 7 Enc. of Ev. 808, 809, and cases cited; 1 Wheat., 179; 14 Pet. 156; 24 Ark. 371; 43 Ill. 504; 119 Ill. 606; 80 Mo. App. 327; 2 N. Y. 113. Thus it appears that the dismissal of a cause in equity bars a later suit, unless it was dismissed without prejudice. It must affirmatively appear that the dismissal was not intended by the parties to be treated as a decision on the merits, to pre-

vent the dismissal from operating as a bar. 7 Enc. of Ev. 909-911, and cases cited. See also 10 Ark. 201; 24 Ark. 371; 130 Ark. 566, and cases cited.

HUMPHREYS, J. This suit was brought to the April term, 1921, of the chancery court of Fulton County, by C. C. Kay, Frank P. Kay, Ottie Kay Herndon and Katie Kay Schisler, against C. E. Kay, Freddie Kay Palmer, Minnie Kay, Mary A. Kay Hassell, Jim Kay, Tee Kay and Jack Kay. As originally brought, it was a suit in partition, alleging that the plaintiffs owned a one-seventh interest each in certain lands in said county owned by their brother, R. K. Kay, at the time of his death on the 9th day of March, 1908, and that the defendants owned the other three-sevenths interest therein. After the filing of the bill, Katy Kay Schisler withdrew from the suit, leaving three plaintiffs, and C. E. Kay and Freddie Kay Palmer filed a disclaimer of any interest in the property, leaving six defendants. When R. K. Kay died, he left surviving him, as his only heirs, seven brothers and sisters. One of them was L. P. Kay, who died in November, 1920, leaving, as his only heirs at law, Minnie Kay, his wife, Jim Kay, Mary Kay Herndon, Tee Kay and Jack Kay, his children. Upon the completion of the pleadings the only parties to the suit were three brothers and sisters of R. K. Kay, deceased, who were plaintiffs, and the widow and children of L. P. Kay, deceased, a brother of R. K. Kay, who were defendants. The pleadings as finally made up presented the following issues:

First, whether the land was owned in common by the parties plaintiff and defendant, or in fee by the children of L. P. Kay, subject to their mother's dower interest therein.

Second, whether there should be an accounting of rents and profits by defendants to plaintiffs, and, if so, how much.

Third, whether a deed to the land executed on the first day of October, 1912, by C. C. Kay, Frank Kay and others to L. P. Kay, should be canceled on account

of the minority of C. C. Kay and of alleged misrepresentations made to Frank P. Kay by L. P. Kay.

Fourth, whether appellants were precluded by a former adjudication of the cause from bringing this suit.

The cause was submitted to the court upon the issues joined and the testimony introduced by the parties responsive thereto, which resulted in a finding against Frank P. Kay because of the insufficiency of the evidence to support his allegation of misrepresentation in the procurement of the deed; and against C. C. Kay and Ottie Kay Herndon because barred by a former suit, and a consequent dismissal of plaintiff's bill.

An appeal has been duly prosecuted to this court from the findings and decree.

After a careful reading of the abstract of the testimony we are convinced that the findings of the trial court are correct.

(1). Frank P. Kay was twenty-four years old when he and others made a deed to the land to L. P. Kay. Frank P. Kay and his wife signed and acknowledged the deed before a notary public after the others had done so, and, with this opportunity to see and inspect the deed, must be held to have known what he was signing. According to the testimony of Minnie P. Kay, Frank P. Kay knew of the existence of the deed more than two years before the institution of this suit. She testified that, when the first suit was brought, Frank P. Kay told her that he had shamed C. C. Kay for bringing the suit to cancel the deed. Frank P. Kay testified that L. P. Kay represented to him that the property was about to be sold under a mortgage, and that his purpose in signing the instrument on October 1, 1912, presented to him by L. P. Kay, was to save the property. This representation was a fact, if made, and not a misrepresentation, for a foreclosure proceeding upon the mortgage had been instituted and was pending at the time Frank P. Kay signed the deed in question.

(2). A suit involving the same issues as the instant case was instituted in the chancery court of Ful-

ton County by C. C. Kay, Ottie Kay Herndon, and Katy Kay Schisler, against L. P. Kay and Minnie Kay, his wife. Frank P. Kay was not a party to that suit and, of course, was not bound by the adjudication therein, but the other parties in the instant suit, being parties in that suit, were bound by the decree rendered therein. The following decree was rendered in the former suit:

"On this day, this cause being reached upon call of the docket, the parties appearing in person and by their attorneys, and the same is dismissed at the cost of the defendants." Following the above judgment record entry is a notation showing that L. P. Kay paid the costs three days later.

It is necessarily implied that the cause was dismissed by and with the consent of L. P. Kay, as it was dismissed at his cost. The effect of this dismissal was an adjustment of the merits of the controversy, and is a bar to another action between the parties thereto upon the issues joined therein. *Doan* v. *Bush*, 130 Ark. 566.

No error appearing, the decree is affirmed.