8944

HARTLEY v. BLEASE ET AL.

(82 S. E. 991.)

PARENT AND CHILD. CUSTODY OF INFANT. FOREIGN JUDGMENT. HABEAS
    CORPUS.

1. An exemplified copy of a judgment of a Court of a sister State, in
   a cause where it had jurisdiction of the parties, awarding the cus-
   tody of an infant to his father, is evidence that the father was, when
   the decree was rendered, a proper person to whom such custody
   should have been awarded.
2. A father has the right to the custody of his infant child where the
   testimony fails to satisfy the Court that his conduct has not been
   such as to render him an unfit custodian of the child.

---

FOOTNOTE.—See *Ex parte Schumpert,* 40 S. C. L. (6 Rich. L.) 344, and
note as to *habeas corpus* as remedy by one parent to recover child from
custody of other parent, in 24 Am. & Eng. Ann. Cas. 1912c, 868; and
general discussion of the right of a parent to the custody of a child,
and proceedings to vindicate such right in 2 Am. St. Rep. 183; and as
to denial of custody of child to parent for its well being, see note in 31
Am. & Eng. Ann. Cas. 1914a, 740 to 762; and note in 41 L. R. A. (N.
S.) 564 to 615, and 5 L. R. A. 781. As to the taking of a child by one
parent from the custody of the other as kidnaping, see note in 32 L. R.
A. (N. S.) 845; as to the criminal liability of parent for taking child
from another to whom custody has been awarded, see note in 32 Am. &
Eng. Ann. Cas. 1914b, 274. As to conclusiveness of *habeas corpus*
decree including foreign judgments as to custody of infants and applica-
bility of the doctrine of *res judicata,* see note in 67 L. R. A. 783, and
49 L. R. A. (N. S.) 83.

3. Where the custody of an infant boy, nine years of age, had been awarded by the judgment of a Court of a sister State to his father, in an action to which the father and mother were both parties; and the mother thereafter kidnaped the child and brought him into this State, and it is not shown that the father is now an unfit custodian, the child should be restored to his custody upon his application to the Court in *habeas corpus* proceedings.

Before DeVore, J., Edgefield, at chambers, January, 1914. Reversed.

Proceedings for petition for *habeas corpus* by L. B. Hartley, petitioner, against Leila Blease, *alias* Hartley, and A. H. Blease, respondents, requiring them to produce Julian Hartley, an infant, and show the cause of his detention. On hearing the return to order to show cause, the Circuit Judge made the following order:

The above entitled matter coming on to be heard before me on a writ of *habeas corpus,* issued on the petition of the petitioner against the respondent to gain possession of the child, Julian Hartley, who is a son of the petitioner by the respondent, born in wedlock.

After hearing the petition and the return and affidavits offered on the part of both, I have decided that neither petitioner nor the respondent is a fit person to have the care and custody of said child; and I, therefore, have ordered that A. H. Blease, the grandfather of said child, take charge of and keep said child, he having consented before me to assume this responsibility.

It is further ordered that the petition, writ of *habeas corpus,* return and affidavits offered be forthwith filed in the clerk of Court's office for Lexington county.

It is further ordered that the petitioner, L. B. Hartley, be allowed to see and communicate with his said child at some mutually agreeable place between him and the said A. H. Blease as often as would be reasonable for a father to see his child. The said L. B. Hartley is to see said child in peaceable and pleasant surroundings.

It is further ordered that the said Julian Hartley be not taken out of the jurisdiction of this Court by either A. H. Blease, L. B. Hartley, Leila Blease, *alias* Leila Hartley.

From this order the father, L. B. Hartley, appealed on the following exceptions:

1. His Honor, Judge J. W. DeVore, erred in finding and in adjudging that the appellant was not a fit person to have the care and custody of his child, said finding being erroneous in the following particulars, to wit:

(a) It was not shown that the father's moral character and financial condition made him unfit to assume the custody of his child, and neither was it shown that provision for the ordinary comforts and contentment and the intellectual and moral development of the child were not to be expected at the hands of the father of the child, your petitioner.

(b) The paramount right of the father to the custody of his child was disregarded arbitrarily, capriciously and the best interest of the child disregarded.

(c) It does not clearly appear that the interest of the child would be promoted by taking it from the father.

(d) There is no evidence to sustain such a finding.

2. His Honor erred in failing to give full faith and credit to the judgment of the City Court of Richmond county, Georgia, and by such violated art. IV, sec. 1 of the Constitution of the United States; and his decision in failing to restore the custody of Julian Hartley to the petitioner was in contravention of the Federal Constitution in that he did not give full faith and credit to the judgment of the Courts of Georgia, it having been shown that the Courts of Georgia had given the child to the father and that no facts or circumstances had transpired since to warrant a change in said judgment, but on the other hand, the legal custody of the said child had been taken from the petitioner illegally and violently by the respondent.

3. Circuit Judge erred and abused his discretion and improperly exercised his discretion by giving said child to its grandfather and in not giving the custody of said child to its father.

4. His Honor erred in holding that said child should not be taken from the jurisdiction of the Court, it being submitted that said child should have been given to the father with privilege to take him anywhere he saw fit.

*Mr. E. L. Asbill,* for appellant, cites: *Father's right to custody:* 73 S. C. 303; 72 S. C. 20; 19 S. C. 605; 15 A. and E. Enc. of L. 182, 183; 25 Cyc. 1594, 1595, 1600. *Effect of Georgia decree:* Const., art. IV, sec. 1; 92 U. S. 214; 23 L. Ed. 563; 198 U. S. 317; 49 L. Ed. 1066; 52 S. C. 516; 30 S. E. 475; 1 S. C. 164. *Right of father to take child to his home in another State:* 72 S. C. 20; 5 Paige Ch. 595, 604; 22 Cyc. 1600.

*Mr. Barrett Jones,* for respondent, submits: *Circuit decree had regard to the child's best interests:* 72 S. C. 18. *Remarriage of appellant since rendition of Georgia decree authorized a change of custody of the child:* 84 S. C. 567. *There was no abuse of discretion by the Circuit Judge in awarding custody to the maternal grandfather:* 19 S. C. 604; 84 S. C. 473; 75 S. C. 214.

September 24, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order, awarding the custody of an infant to his grandfather, on the ground that neither his father nor mother was a fit person to be entrusted with his custody.

The petition contains the following allegations:

"That your petitioner is the father of Julian Hartley, an infant nine years old; that Leila Blease, formerly Leila Hartley, is the mother of the said Julian Hartley.

"That this petitioner and Leila Blease separated some years ago, and that now this petitioner is divorced from the said Leila Blease.

"That on or about the 23d day of February, 1912, the custody of the said Julian Hartley was duly awarded to this petitioner by Judge William F. Eve, Judge of the City Court of Richmond county, Georgia; that petitioner had his said child with him at Samson, Alabama, and on or about the 24th day of November, 1913, the said Leila Blease went to the schoolhouse, where petitioner's child was, and kidnaped the said Julian Hartley and carried him away with her, and still has the said child with her now at Batesburg, Lexington county, South Carolina, as petitioner is informed and verily believes, restrained of its liberty and against its will and against the wishes and consent of your petitioner.

"That the said Leila Hartley is not a fit and proper person to have the custody and possession of a child, she being immoral and not suited for such rearing of a child, and under the judgment of the Court aforesaid, the custody of the said child has been awarded to your petitioner."

The petitioner introduced in evidence a certified copy of the record mentioned in the petition, whereby it was adjudged, that he was entitled to the custody of Julian Hartley.

He also offered in evidence a certified copy of the decree, rendered by the Chancellor of the State of Alabama, on the 11th day of September, 1912, by which the petitioner and the respondent, Leila Hartley, were divorced from the bonds of matrimony.

The principles in regard to the custody of children have been so frequently announced by this Court in recent cases, that we deem it only necessary to refer to the following decisions, for a statement of the law in regard to this case:

*Ex parte Davidge,* 72 S. C. 16, 51 S. E. 269; *Ex parte Reynolds,* 73 S. C. 296, 53 S. E. 490, 6 A. & E. Ann. Cas. 936; *Ex parte Rembert,* 82 S. C. 336, 64 S. E. 150; *Ex parte Tillman,* 84 S. C. 552, 66 S. E. 1049, 26 L. R. A. (N. S.) 781.

The certified copy of the record mentioned in the petition, wherein it was adjudged, that the petitioner was entitled to the custody of Julian Hartley, is satisfactory evidence of the fact, that the petitioner at that time, was a proper person to whom the care of the infant should have been confided; and the testimony introduced by the respondent to show that since then his conduct has been such as to render him an unfit custodian of the child has failed to satisfy this Court of such fact.

Our conclusion is that the discretion vested in his Honor, the Circuit Judge, was erroneously exercised, when he awarded the custody of the infant to his grand-father, instead of restoring him to the possession of the petitioner.

The Court, while sympathizing with the mother in her love for her child, feels constrained to express its disapproval of the illegal methods by which she took possession of him.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the custody of Julian Hartley be restored to the petitioner.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority of this Court. As I see it, the conduct of the mother is not before us. The order of Judge DeVore is a rebuke to both the father and mother. The mother has not appealed. The judgment of this Court is based strictly upon an abuse of discretion—*i. e.,* manifest error, in taking the boy from the custody of the father. Was this manifest error? I cannot say it was. In the first place, these people live comparatively near to Judge

DeVore, and he is in a better position than I am to arrive at the proper disposition of the boy, and the record would have to be very clear to warrant me in setting aside his award.    I not only do not think that Judge DeVore committed manifest error, but I entirely agree with him. While the custody of the child is not ideal, it seems to me he did the best thing possible under the circumstances.    I think the awarding of the custody of this boy by the Courts is liable to be misunderstood and to do serious harm.    The record shows (it is uncontradicted and by that we must be governed) that on one occasion the petitioner by force took from his wife money that was unquestionably hers, made an effort to escape from the State with it and was only prevented from doing so by the sheriff   On another occasion, the respondent, then the wife of the petitioner, was forced, in fear of bodily injury from the petitioner, to run away from her home and seek protection of a neighbor. If this boy is to be subject to the training and influence of that father, enforced by the order of the Court, then the natural consequence will be that he will follow in his father's footsteps, and in time to come there will be another woman who will be forced to leave her home and run for protection to a neighbor—that is, if she shall start in time and if she be in condition to run fast enough and shall find a neighbor brave enough to afford the protection.

It is true this leaves the child within the sphere of its mother's influence, but Judge DeVore did the best he could to discredit it.    The child cannot be turned adrift.    I think Judge DeVore exercised his discretion wisely, and I dissent.