DOAN *v.* BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & ·
SOUTHERN RAILWAY COMPANY.

Opinion delivered October 29, 1917.

RES ADJUDICATA—DISMISSAL BY CONSENT.—A judgment dismissing an
action, and entered upon the records, pursuant to an agreement
of the parties, that the cause be dismissed, has the legal effect
of an adjustment of the merits of the controversy, and will con-
stitute a bar to a subsequent action.

Appeal from Pope Circuit Court; *A. B. Priddy,*
Judge; affirmed.

*U. L. Meade,* for appellant.

1.   A dismissal of a case, other than upon its merits,
is in effect a dismissal without prejudice to a future ac-
tion.   Kirby & Castle's Digest, § § 7606, 6011; 121 Ark.
454; 69 *Id.* 431; 47 *Id.* 120, 125; 35 *Id.* 62; 36 *Id.* 389; 47
*Id.* 387; 140 Fed. 385; 5 Am. & E. Ann. Cas. 314; 46 Wash.
79; 13 A. & E. Ann. Cas. 653; 9 *Id.* 341.   It was error to
sustain the plea of former adjudication.

*Thos. B. Pryor* and *W. P. Strait,* for appellee.

The dismissal of the former suit is a complete bar
and a final disposition of the case.   Kirby's Digest, §
6167; 2 Black on Judgm., § 706; 2 Dana (Ky.) 395; 10 B.
Mon. (Ky.) 257; 52 Am. Dec. 541; 47 Cal. 542; 14 Col. 291;
23 Pac. 322; 28 Ia. 388; 9 R. C. L. 209, 211; 50 Ark. 162;
45 L. R. A. (N. S.) 266; 79 Va. 333; 120 U. S. 89; 49 W.
Va. 520; 78 Va. 602; 9 R. C. L. 210; 17 L. R. A. (N. S.)
280; 23 Cyc. 729, 1133-5, 1145; 80 Ark. 85; 107 *Id.* 41; 44
*Id.* 317.

McCULLOCH, C. J.   Appellant instituted this ac-
tion in the circuit court of Pope County against the re-
ceiver of the St. Louis, Iron Mountain & Southern Rail-
way Company to recover damages on account of personal
injuries alleged to have been inflicted by the negligence of
appellee's servants.   There was a plea of former adjudi-
cation based upon a judgment of the circuit court of Gar-
land County in a case involving the same cause of action,
which said judgment is in the following language:

"Now on this day this cause comes on to be heard, comes the plaintiff in her own proper person and by her attorney, U. L. Meade, Esq., comes the defendant by its attorney, W. R. Donham, Esq., and by consent of the parties and leave of the court this cause is dismissed at the cost of defendant.

"It is therefore ordered and adjudged by the court that the plaintiff, Sarah E. Doan, do have and recover of and from the defendant, St. Louis, Iron Mountain & Southern Railway Company, all her costs in this suit by her laid out and expended."

The statutes·of this State contain the following provisions with reference to the dismissal of an action without prejudice:

"An action may be dismissed without prejudice to a future action:

*First.* By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court.

*Second.* By the court where the plaintiff fails to appear on the trial." Kirby's Digest, § 6167.

There is a conflict in the authorities as to the effect of the dismissal of an action by agreement, but the rule seems to us to be established by the weight of authority that "a judgment of dismissal entered in pursuance of an agreement of the parties has the legal effect of an adjustment of the merits of the controversy, which constitutes a bar to a subsequent action." 9 R. C. L. 211. The leading case on that side of the question is *The Bank* v. *Hopkins,* 2 Dana 395, where the court said:

"It has been frequently decided by this court, that the legal deduction from a judgment dismissing a suit 'agreed,' is, that the parties had, by their agreement, adjusted the subject-matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties, on the identical cause of action thus adjusted by the parties, and merged in the judgment thereon rendered, at their instance, and in consequence of their agree-

ment. If, in such a case, the original cause of action has not been actually extinguished by payment, or other actual satisfaction, but was only transformed, by the agreement of the parties, into a new cause of action, the remedy must be on the latter, and can not be maintained on the former and extinguished cause of action.''

The same court in the later case of *Jarboe* v. *Smith,* 10 B. Mon. 257, said: ''The legal effect of an order dismissing a suit agreed is, to bar any other suit between the same parties, on the original cause of action thus adjusted by them.''

The Virginia Court of Appeals, speaking on the same subject, said: ''The court is of the opinion that the judgment of a court of competent jurisdiction, dismissing a suit agreed, upon the ground that it had been agreed by the parties, is a final determination, as to those parties, of the matters litigated in that suit. It is virtually an acknowledgment by the plaintiff in open court, as in *re traxit,* that the plaintiff has no cause of action, or rather no further cause of action. It is not merely an abandonment of his suit by the plaintiff, as in a nonsuit; it is the concurrent action of both parties. It is a representation by the plaintiff to the court that the suit has been agreed, which is assented to by the defendant; and thereupon the suit is dismissed agreed by the judgment of the court, without costs to either party. To say that a suit is agreed by the parties is, in effect, to say that the cause of the suit has been agreed. It is a declaration of record sanctioned by the judgment of the court, that the cause of action has been adjusted by the parties themselves, in their own way, and that the suit is dismissed agreed.'' *Hoover* v. *Mitchell,* 25 Grat. 387. To the same effect see *Merritt* v. *Campbell,* 47 Cal. 542; *Ford* v. *Roberts,* 14 Col. 291; *Phillpotts* v. *Blasdel,* 10 Nev. 19. Mr. Black in his Work on Judgments, also states that to be the sound rule. 2 Black on Judgments, § 706.

There are, however, well considered opinions to the contrary, notably the opinion of Chief Justice Winslow in *Bishop* v. *McGillis,* 82 Wis. 120, and also the opinion of

the Supreme Court of the United States in the case of *Haldeman* v. *United States,* 91 U. S. 584. See also *State Medical Board* v. *Stewart,* 46 Wash. 79, 89 Pac. 475; *St. Joseph & Elkhart Power Co.* v. *Graham,* 165 Ind. 16.

We believe it is sounder to say that where parties agree to a dismissal of a cause, such an agreement entered upon the record as the judgment of the court ought to be treated as a final disposition of the cause of action. A judgment of that kind does not fall within the terms of our statute which provides that the dismissal of an action either by the plaintiff or by the court shall be without prejudice to a future action. Any other view of the matter would give no effect whatever to the agreement of the parties and would treat the judgment of dismissal merely as a voluntary act of the plaintiff.

We are of the opinion, therefore, that the trial court was correct in sustaining the plea of former adjudication.

Affirmed.