## Richmond.

### JOHN E. HINTON, BY ETC. v. NORFOLK AND WESTERN RAILWAY COMPANY.

November 15, 1923.

1. SERVICE OF PROCESS—*Defects in Service—Waiver by Defendant.*—Where the officer's return upon process shows that there was never any valid service of the process upon the defendant, the defendant can waive this defect by an appearance.

2. SERVICE OF PROCESS—*Defects in Service—Waiver by Defendant—Case at Bar.*—In an action for personal injuries defendant pleaded a former judgment as a bar to the action. The plaintiff contended that the former judgment was erroneous because the lower court had never acquired jurisdiction of the action, as there was no valid service upon defendant. While the record of the first action did not specifically recite an appearance, it fairly showed that the defendant knew of the plaintiff's demand, admitted its justice, and paid it.

   *Held:* That the inference that the defect in the service of process was waived by the defendant was irresistible.

3. JURISDICTION—*Estoppel of Plaintiff to Deny Jurisdiction—Where Plaintiff has Received all that he Demands.*—It is obvious that a plaintiff who properly invokes the power of the court, and who before the trial of his action receives all that he demands therein cannot deny the jurisdiction of the court to enter, upon his motion, proper orders therein for its final disposition.

4. FORMER ADJUDICATION OR RES ADJUDICATA—*"Dismissed Agreed"—Action by Next Friend of Infant—Case at Bar.*—In the instant case an action by an infant by his next friend for personal injuries, defendant pleaded a former judgment for the same cause of action, plaintiff denied the validity of this former judgment for lack of valid service upon defendant. The first judgment dismissed the cause as settled, it appearing to the court that by mutual agreement defendant had paid the full sum demanded to the next friend of the plaintiff who agreed to the settlement. This judgment was entered on the motion of the plaintiff.

   *Held:* That every distinguishing feature of a case "dismissed agreed" appeared, for there was a mutual agreement to terminate the action, which was reported to the court, and the consequent motion by the

plaintiff to dismiss the case. The consequences of such a dismissal are well understood and constitute a bar to a subsequent action between the same parties for the same cause.

5. Compromise and Settlement—*Infants—Settlement in Full of Infant's Demand.*—Sections 5332, 5440 and 5789 of the Code of 1919, relating to compromises by fiduciaries and on behalf of parties incapable of making binding contracts, have no application to a settlement effected involving the payment of the whole demand asserted by the declaration in an action by an infant for personal injuries. The case stands upon the same footing as an adult's case.

6. Infants—*Action by Next Friend of Infant—Bona Fides of the Proceeding Presumed.*—When an action at law, commenced by an infant by next friend, is entertained by the court, the *bona fides* of the proceeding are to be presumed, and a settlement or satisfaction of the action by the payment of the full amount claimed to the lawful guardian of the plaintiff, followed by an order of dismissal showing the settlement, would have to stand until set aside in some direct proceeding having that object.

7. Infants—*Action by Next Friend of Infant—Compromise of Suit.*—While a *prochein ami* or next friend could not compromise an infant's suit at common law without reporting the terms to the court and obtaining its approval, he must have the right to dismiss it "settled," if the claim asserted is paid in full to the lawfully appointed guardian, and, with the element of compromise eliminated.

Error to a judgment of the Circuit Court of Page county in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Robert F. Leedy* and *Chas. A. Hammer*, for the plaintiff in error.

*F. M. Rivinus, Wm. F. Keyser*, and *John T. Harris*, for the defendant in error.

Prentis, J., delivered the opinion of the court.

The plaintiff, an infant, suing by Benjamin H. Higgs, his next friend, complains of a judgment in favor of the

·defendant company upon a plea which shows these un-·controverted facts:

That this plaintiff, by his mother as next friend, had previously, on February 1, 1918, sued the defendant in the same court upon the same cause of action—that is, for a personal injury alleged to have been due to the negligence of the defendant, and claimed therein $125.00 damages therefor, which action was terminated February 21, 1918, by an order which reads thus:

"On motion of the plaintiff by R. S. Parks, his ·counsel, and it appearing to the court that this action has been compromised between the parties on the terms that the defendant should pay the sum of $125.00 and further that the said sum has been paid to the duly qualified guardian of the plaintiff, who consented to ·compromise and who is also the mother of the plaintiff and his next friend in this action, it is ordered that this ·cause be dismissed settled."

For all of which the record is avouched, and there is a further averment that the previous judgment and the costs taxed therein have been fully paid, satisfied and discharged.    The facts thus pleaded were relied on as a bar to this action.

There was another plea averring the same facts which ·on motion of the plaintiff was stricken out and need not be further adverted to.

[1] The plaintiff also moved to strike out the plea of which we have recited the substance, but his motion was overruled and he declining to "plead further or reply" thereto, there was judgment for the defendant. It is contended here that this judgment is erroneous because the Circuit Court of Page county never acquired jurisdiction of the first action, and therefore all ·of the proceedings therein were void.    This because the ·officer's return upon the process shows that there was never any valid service of the process upon the defend-

ant.   This invalidity may be conceded, and if the defendant had relied on it no judgment adverse to it could have been enforced, for such a judgment would have been void.   The defendant, however, could certainly have waived this defect in the service of process by an appearance.

[2] While the record of the first action does not specifically recite an appearance, it does fairly show that the defendant knew of the plaintiff's demand, admitted its justice and paid it.   The inference, therefore, that the defect in the service of process was waived by the defendant is irresistible.   Having paid the plaintiff the amount claimed in the action, the service of process becomes immaterial.   The defendant could have taken advantage of its invalidity, but we know of no principle, precedent, or reason, which can be invoked for the advantage of the plaintiff after he has received every benefit which, if the service had been valid, he could possibly have received by a favorable judgment in the action.

[3] The authorities relied on by the plaintiff here are all cases in which the defendant denied the jurisdiction of the court and the validity of an adverse judgment because of the lack of valid process, and have no application to this issue.   It appears to us obvious that a plaintiff who properly invokes the power of a court, and before the trial of his action receives all that he demands therein, cannot deny its jurisdiction to enter, upon his motion, proper orders therein for its final disposition.

[4] Adverting then to the order which was entered on motion of the plaintiff in the former action, we find that after reciting, in effect, that there had been an agreement (called a compromise, which imports an agreement) to pay $125.00, which was the sum demanded

in the declaration, and that it had been paid, the action was "dismissed settled." This can only mean that the litigants mutually agreed upon a settlement which was reported to the court by the plaintiff's attorney, for a final order disposing of the case. Every distinguishing feature of a case "dismissed agreed" appears, for there is the mutual agreement to terminate the case, which is reported to the court, and the consequent motion by the plaintiff to dismiss it. The consequences of such a dismissal are well understood and constitute a bar to a subsequent action between the same parties for the same cause.

It is sufficient to cite the recent case of *Bardach I. & S. Co., Inc.* v. *Tenenbaum,* 136 Va. 163, 118 S. E. 504.

[5, 6] There is no error in the judgment here under review. The reasons supporting this conclusion are well stated in the opinion of the learned trial judge, who, after first discussing Code, sections 5332, 5440 and 5789, relating to compromises by fiduciaries and on behalf of parties incapable of making binding contracts, says:

"All of these three statutes, however, relate to *compromises* and the case at bar is hardly to be considered one of compromise. Here it appears by the pleas objected to that the settlement effected involved the payment of the whole of the demand asserted by the declaration in the case, the full amount of the damages claimed. There was, therefore, no compromise of that action, though it was so mentioned in the order of the court. The record shows, however, that the whole amount of damages claimed was paid.

"The statutes relating to the compromise of the claims of incapable persons referred to, therefore, have no application, but the case stands upon the same footing as an adult's case and is governed by *Hoover* v.

*Mitchell*, 25 Gratt. (66 Va.) 387, and *Wohlford* v. *Compton*, 79 Va. 379, except that it is perhaps stronger in the fact that the record shows the payment of the claim in ful as the cause of dismissal.

"When an action at law commenced by an infant by next friend is entertained by the court, the *bona fides* of the proceeding are to be presumed, and a settlement or satisfaction of the action by the payment of the full amount claimed to the lawful guardian of the plaintiff, followed by an order of dismissal showing the settlement, would have to stand until set aside in some direct proceeding having that object.

"If the settlement made of the former case of this plaintiff is to be considered as a compromise, then I think it must be governed by section 5332, and the decision in *Wohlford* v. *Compton*. It was pending action, and it was on the docket of the court, though it may be it was there by the misprision of the clerk. If it is not to be considered as a compromise I think it is still such a settlement, being a satisfaction of the demand asserted by the declaration, as must stand until set aside on a direct attack for sufficient cause before a new action can be maintained, or the old one be reinstated; and, in this view, also it is governed by *Wohlford* v. *Compton*.

"The order of the court in question does not express the approval of the court of the terms of settlement, mentioned in the order as a compromise, nor does it indicate any examination by the court of the plaintiff's cause of action, but there was little if any room for such examination or approval, because the case had been settled by the payment of the whole amount demanded in the declaration, and there was nothing for the court to exercise its judgment or discretion on.

[7] "While a *prochein ami* or next friend could not compromise an infant's suit at common law without

reporting the terms to the court and obtaining its approval (14 R. C. L. 289 and notes), he must have the right to dismiss it 'settled,' if the claim asserted is paid in full to the lawfully appointed guardian, and, with the element of compromise eliminated, the cases of *Hoover* v. *Mitchell*, 25 Gratt. and *Wohlford* v. *Compton*, 79 Va. would apply to the case of an infant with as much force as to the case of an adult. Even if the satisfaction of the action by payment is not at all strengthened by the court order of dismissal, it would seem that such a settlement would have to stand unless rescinded on a bill in equity. In the case of such a settlement the situation is substantially the same as if the case had gone on to a judgment in favor of the plaintiff, which of course could be pleaded in bar to a second action for the same cause, and would not be subject to collateral attack on the theory that the next friend had caused the suit to be brought for too small a sum. If counsel for the plaintiff in the present action were to appear in court and ask for a dismissal of the action, stating that the ten thousand dollars claimed by the declaration had been paid in full to the guardian of the plaintiff, could it be successfully contended that that settlement and dismissal could not be pleaded in bar to a new action for the same cause by the same plaintiff by another next friend, even though the defendant was not before the court at the time of the dismissal?"

The case of *Clinchfield Coal Corporation* v. *Couch*, 127 Va. 634, 104 S. E. 802, 13 A. L. R. 398, is cited for the plaintiff, but this has no application here because there the infant had attained his majority, and personally repudiated his own previous compromise privately made, when there was neither action pending nor order of court.

*Affirmed.*