## 17850

Barbara D. FORD, Respondent, v. Herman A. FORD, Appellant
(123 S. E. (2d) 33)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, and *Denny, Valentine & Davenport,* of Richmond,

Virginia; *for Appellant,*

Messrs. *Carter & Hill* and *Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

Messrs. *Carter & Hill* and *Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

Messrs. *Leatherwood, Walker, Todd & Mann,* of Greenville, and *Denny, Valentine & Davenport,* of Richmond, Virginia, *for Respondent,*

November 15, 1961.

Moss, Justice.

Barbara D. Ford, the respondent herein, and Herman A. Ford, the appellant herein, were married on March 16, 1952, in Richmond, Virginia. Three children were born of this marriage and they were at the time of the institution of this action seven, five and three years of age, respectively.

The respondent did, on August 10, 1960, commence this action in the Greenville County Juvenile and Domestic Relations Court seeking custody of the three minor children of the marriage. The complaint alleged that the children were residing with the respondent in Greenville County, South Carolina, and that it was for the best interest of the said minor children that their custody be awarded to her. It is further alleged that the appellant had been guilty of misconduct and was an unfit person to have custody of the said children. The answer of the appellant alleges that the appellant and respondent are living separate and apart on account of the misconduct of the respondent. It is further alleged that the respondent is not a fit or proper person to have the custody of the said minor children by reason of her misconduct. The answer further alleges that the appellant is entitled to the custody of the said minor children of the marriage, he being a fit and proper person to have such custody and is financially able to provide for the education, maintenance and support of the said children in a comfortable and desirable home in Sanford, North Carolina.

The answer further alleges that the appellant and respondent separated on August 25, 1959, and the respondent went to the home of her mother in Richmond, Virginia, the children remaining in North Carolina in the custody of the appellant. It is further alleged that on August 27, 1959, that the respondent took the children of the marriage from the State of North Carolina to the home of her mother in Richmond, Virginia. It is further alleged that on August 28, 1959, the appellant did, in the Law and Equity Court of the

City of Richmond, Virginia, file a petition for a Writ of *Habeas Corpus* directing the respondent to produce the bodies of the three children before the Court at a time and place to be specified and to do and receive what shall then and there be considered by the Court concerning said children, and that the care, custody and possession of the said children be awarded to the appellant. An Order awarding a Writ of *Habeas Corpus* was issued by the Law and Equity Court of Richmond, Virginia, on August 28, 1959, directing the respondent to have and produce the bodies of the said children before the Court on September 2, 1959, and to abide the direction of the Court as to the custody of said children. The respondent filed a Return to the Writ of *Habeas Corpus* alleging that she was a fit and proper person to have the custody of the said infant children. She asked that the Writ be discharged as having been improvidently issued without probable cause.

The answer of the appellant further alleged that during the pendency of the *Habeas Corpus* proceeding in the Law and Equity Court of the City of Richmond, Virginia, both parties being represented by competent legal counsel, an agreement was reached concerning the children of the marriage. Under the terms of the agreement, the appellant was given custody of the three children with the right to the respondent to have custody of the three children during the summer vacation from school and certain holiday periods. Upon the consummation of the aforesaid agreement reached between the parties, a "Consent Dismissal" was had of the *Habeas Corpus* proceeding instituted by the appellant. The Order of Dismissal by the Law and Equity Court of the City of Richmond, Virginia, filed November 18, 1959, was as follows:

"It being represented to the court by counsel that the parties hereto have agreed concerning the custody of the infant children, it is ordered that this case be dismissed."

The instant case was tried before the Honorable J. Wilbur Hicks, Judge of the Greenville County Juvenile and

Domestic Relations Court, and on December 8, 1960, he issued his order awarding the custody of the children to the respondent, with the provision that the appellant "shall have reasonable visitation rights and these shall include some holidays and school vacation periods and are to be agreed upon by the parties." The appellant duly excepted to the order of the Judge of the Juvenile and Domestic Relations Court and alleged error, *inter alia,* (1) That the Judge erred in failing to hold that the agreement previously made between the parties, through their respective counsel, at a time when an action was pending in the Law and Equity Court of the City of Richmond, Virginia, determined the question of custody and was binding upon the parties. It was asserted that the respondent admitted the making of such agreement and acknowledged that she was represented in such proceeding by able and competent counsel. It was further alleged as error that the court failed to hold that the agreed Order of Dismissal of the Law and Equity Court of the City of Richmond, Virginia, was *res judicata* as to the issue of custody before this Court. (2) That the Judge erred in failing to hold that the said agreement between the parties and the aforesaid agreed Order of Dismissal was binding and *res judicata.* It was further submitted that the Juvenile and Domestic Relations Court of Greenville County must recognize, in accordance with the full faith and credit clause of the Constitution of the United States, the agreed Order of Dismissal of the Virginia Court and that such was *res judicata,* unless there was evidence of subsequent misconduct on the part of the appellant or a change of conditions warranting a change of the custody of the children. (3) That the Judge erred in awarding the custody of the children to the respondent and giving the appellant only visitation rights to be agreed upon by the parties.

The appeal from the order of the Judge of the Juvenile and Domestic Relations Court of Greenville County was heard by the Honorable John Grimball, presiding Judge, on January 9, 1961, at a special Equity term of the Court of Common Pleas for Greenville County, South Carolina.

By an order dated February 25, 1961, the presiding Judge overruled the provision of the order of the Juvenile and Domestic Relations Court to the extent that he awarded the custody of the three minor children jointly to the respondent and the appellant, placing the custody of the said children in the respondent during the normal school year, commencing in September and ending in the early part of June of each year. He awarded custody of the three minor children to the appellant during the normal school holiday months, commencing in the early part of June and ending in the early part of September of each year. This order provided further that the appellant should have the custody and control of the children during the normal Christmas holidays of each school year. It was further provided that during the time that either the respondent or appellant had custody, the other party should be permitted to see or visit with the children at reasonable times and places. The presiding Judge refused to hold as *res judicata* the custody agreement reached by and between the parties, as a result of which the *Habeas Corpus* proceeding instituted by the appellant in the Law and Equity Court of the City of Richmond, Virginia, for the purpose of obtaining custody of the minor children of the parties, was dismissed. He likewise refused to give full faith and credit to the agreed dismissal order of the Virginia Court. Within due time the appellant gave notice of intention to appeal to this Court from the order of the lower Court. The appellant asserts that the trial Judge erred in refusing to hold as *res judicata* the "Consent Dismissed" order of the Law and Equity Court of the City of Richmond, Virginia, which was made after the parties to this action had reached an agreement concerning the custody of the infant children here involved.

It is provided in Article IV, Section 1, of the Constitution of the United States, that:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws pre-

scribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

In the case of *Hamilton v. Patterson*, 236 S. C. 487, 115 S. E. (2d) 68, 70, this Court said:

"* * * Where a judgment rendered by a court having jurisdiction of the cause and the parties is challenged in another State, 'the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.' *Milliken v. Meyer*, 311 U. S. 457, 61 S. Ct. 339, 342, 85 L. Ed. 278. 'Because there is a full faith and credit clause a defendant may not a second time challenge the validity of the plaintiff's right which has ripened into a judgment.' *Magnolia Petroleum Co. v. Hunt*, 320 U. S. 430, 64 S. Ct. 208, 214, 88 L. Ed. 149, 150 A. L. R. 413.

"This clause of the Federal Constitution U. S. Const. art. 4, § 1 and the Act of Congress which implements it 'require the judgments of the courts of one State to be given the same faith and credit in another State as they have by law or usage in the courts of the State rendering them.' *Morris v. Jones*, 329 U. S. 545, 67 S. Ct. 451, 454, 91 L. Ed. 488, 168 A. L. R. 656."

In order to make out the defense of *res judicata,* the following elements must be shown: (1) The parties must be the same or their privies; (2) The subject matter must be the same; and (3) While generally the precise point must be ruled, yet where the parties are the same or are in privity, the judgment is an absolute bar not only of what was decided but what might have been decided. *Mackey v. Frazier,* 234 S. C. 81, 106 S. E. (2d) 895.

What was the effect of the agreed order under the Virginia Law and which came about as a result of a custody agreement reached between the parties with the advice and consent of their counsel? Does an agreed order of dismissal under the Virginia practice put an end to a pending suit

and bar any subsequent suit on the same cause of action between the same parties? In the case of *Bardach Iron & Steel Co., Inc. v. Tenenbaum,* 136 Va. 163, 118 S. E. 502, 504, the effect of an order "dismissed agreed" is fully discussed. The order there involved was "on motion of the plaintiff and with the consent of the defendant, this cause is dismissed agreed." The Virginia Court in discussing the effect of such order, said:

"Ordinarily, the records of a court of record remain in the breast of the court, and subject to change or alteration by the court during the term at which they are made, but an order 'dismissed agreed' is an exception to the general rule. The court has no power to make such a record except by consent of the parties, and, having obtained such consent and made the entry, it is equally without power to set it aside without the consent of both parties, except upon some ground that would warrant the setting aside of other contracts of like nature. It is a contract of record that the court is without power to disturb except as stated. The court may correct its own errors, but cannot change the contracts of parties without their consent. *Deaver v. Jones,* 114 N. C. 649, 19 S. E. 637; *Hammond v. Place,* Har. (Mich.) 438. If the trial court was without power to set aside the order 'dismissed agreed' made on December 8, 1921, that was an end of the case. Such an order not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action, between the same parties, as fully as a *retraxit* would be.

" 'It is a declaration of record sanctioned by the judgment of the court, that the cause of action has been adjusted by the parties themselves, in their own way.' *Hoover v. Mitchell,* 25 Grat. (66 Va.) 387, 388; *Wohlford v. Compton,* 79 Va. 333; *Siron v. Ruleman,* 32 Grat. (73 Va.) 215, 223; *Jarboe v. Smith,* 10 B. Mon. (Ky.) 257, 52 Am. Dec. 541; *U. S. v. Parker,* 120 U. S. 89, 7 S. Ct. 454, 30 L. Ed. 601; *Simmons v. Yoho* [92 W. Va. 703] (W. Va.), 115 S. E. 851, 857; 1 Freeman on Judgments, § 262; 2 Black on Judgments, § 706.

"In *Jarboe v. Smith,* 10 B. Mon. (Ky.) 257, 52 Am. Dec. 541, it is said to be a bar between the parties on the original cause of action, unless there is an express stipulation that another suit may be brought. In the judgment entered in *Hoover v. Mitchell, supra,* it is said that the dismissal of a suit agreed, without any explanation or qualification showing a contrary intention, is at least a *prima facie* determination of the matter controverted in that suit, but the opinion in the case holds that 'dismissed agreed' 'is equivalent to a *retraxit.* But to have this effect there must have first been an unqualified agreement that the suit should be 'dismissed agreed.' "

In the case of *Murden v. Wilbert et al.,* 189 Va. 358, 53 S. E. (2d) 42, it was held that the judgment of a court of compenent jurisdiction dismissing a suit agreed, upon the ground that it had been agreed by the parties, is a final determination, as to those parties, of the matters litigated in that suit. It was further held that an order "dismissed agreed" is a contract of record that the court is without power to disturb except with consent of the parties.

In the case of *Hinton v. Norfolk & W. Ry. Co.,* 137 Va. 605, 120 S. E. 135, 136, it appears that there was a mutual agreement to settle an action brought by an infant, by his next friend, by payment of the demand in full and was reported to the court and a motion was made by plaintiff to dismiss such action. The order stated that the action was "dismissed settled". The Court said:

"* * * Every distinguishing feature of a case 'dismissed agreed' appears, for there is the mutual agreement to terminate the case, which is reported to the court, and the consequent motion by the plaintiff to dismiss it. The consequences of such a dismissal are well understood and constitute a bar to a subsequent action between the same parties for the same cause.

"It is sufficient to cite the recent case of *Bardach I. & S. Co., Inc. v. Tenenbaum,* 136 Va. 163, 118 S. E. 502."

In the case of *Virginia Concrete Co. v. Board of Supervisors,* 197 Va. 821, 91 S. E. (2d) 415, 419, 56 A. L. R. (2d) 1283, the Virginia Court said:

"A *retraxit* is a voluntary renunciation by the plaintiff in open court of his suit and the cause thereof, and by it he forever loses his action. 6 Mich. Jur., Dismissal, etc., § 35, p. 244; Burks Pl. & Pr., 4 ed., § 337, p. 646.

"An order 'dismissed agreed' not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties 'as fully as a *retraxit* would be.' *Bardach Iron & Steel Co. v. Tenenbaum,* 136 Va. 163, 171, 118 S. E. 502, 505."

In this same *Virginia Concrete Co. case* it was further held that a dismissal order, even in general terms, which does not contain any reservation of right of either party to sue thereafter, is *res judicata* with respect to all matters covered by the pleadings of the case. The Court said:

"In *Wilcher v. Robertson,* 78 Va. 602, 618, it is likewise said that 'An order simply dismissing the suit is not a determination on the merits, and so is not a bar to the maintenance of a second suit for the same cause of action.' But in the earlier case of *Taylor v. Yarbrough,* 13 Grat. 183, 194, 54 Va. 183, 194, it was held that a decree which dismissed a bill in general terms and without any specification of grounds therefor, or reservation of a right to sue thereafter, must be taken to rest upon all the issues presented by the pleadings and regarded as a final judgment of the entire right asserted. Much depends on the stage of the proceedings at which the order was entered and the reason for its entry. It is well, therefore, to heed the admonition in Lile's Equity Pl. & Pr., 3d ed., § 273, p. 157, that where the plaintiff voluntarily dismisses his suit or when it is dismissed involuntarily for reasons not affecting the merits of the case, the order should recite that the dismissal is 'without prejudice to plaintiff's right to institute such further suits concerning the same matter as he may be advised,' in order to

avoid a plea of *res judicata* in future litigation. See also *Newberry v. Ruffin,* 102 Va. 73, 76, 45 S. E. 733."

The North Carolina case of *Steele v. Beaty et al.,* 215 N. C. 680, 2 S. E. (2d) 854, 856, was an action to recover damages for personal injuries alleged to have been caused by an assault by the defendants. The defendants pleaded settlement and a judgment in a former action based on the same cause of action. It appears that when the settlement was made that the order provided "Upon motion and by consent it is agreed that said action be, and the same is hereby dismissed." A judgment was rendered for the plaintiff and an appeal was prosecuted by the defendants. In reversing the judgment of the lower Court, the Supreme Court of North Carolina held that a "judgment of dismissal" entered by agreement of the parties pursuant to a compromise and settlement of the controversy is a judgment on the merits barring any other action for the same cause. It was further held that a "judgment *in retraxit*" is usually based upon and follows a settlement out of court, and like a judgment on the merits is a bar and estops plaintiff from again proceeding in another suit on the same cause of action. It was also held that the legal effect of an order dismissing a suit agreed is to bar any other suit between the same parties on the original cause of action, thus adjusted by them and merged in the judgment of the court, rendered at their instance, and in consequence of the agreement. We quote the following from this case:

"To hold that a judgment of dismissal by consent is not a bar would deny any effect whatever to the agreement of the parties and would treat the judgment of dismissal merely as a voluntary act of the plaintiff. *Doan v. Bush,* 130 Ark. 566, 198 S. W. 261, L. R. A. 1918B, 523. The legal deduction to. be drawn from a judgment dismissing a suit by agreement of the parties is that the parties had by their agreement adjusted the subject matter of the conroversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between

the same parties on the identical cause of action then adjusted by them and merged in the judgment therein rendered at their instance and in consequence of their agreement."

In the case of *Yancey v. Yancey,* 230 N. C. 719, 55 S. E. (2d) 468, 470, the husband brought an action against his wife to establish a resulting trust in realty. A previous action for the same cause had been dismissed and judgment entered "that the matters and things in controversy have been settled between the parties," and that, therefore, it was "adjudged and decreed that the plaintiff be nonsuited." The lower Court held that the previous judgment for the same cause, nonsuiting the plaintiff and reciting that the matters involved had been settled between the parties, was a bar to this action, citing the case of *Steele v. Beaty et al., supra.* The Supreme Court of North Carolina affirmed the judgment of the lower Court. In the opinion, it is stated that the plaintiff admits the previous order above quoted. It is further stated that the plaintiff did not allege fraud, nor did he attack the judgment nor seek to vacate it. The Court said:

"* * * Hence standing upon the docket it is a judgment of *retraxit,* and it bars a new action. Before he can prosecute another action for the same cause he must in some proper way remove this judgment from his pathway. *Moody v. Wike,* 170 N. C. 541, 87 S. E. 350; *Fowler v. Fowler,* 190 N. C. 536, 130 S. E. 315; McIntosh Prac. & Pro. 745."

In the West Virginia case of *In re McIntosh's Estate,* 109 S. E. (2d) 153, 158, the Supreme Court of Appeals of the State, said:

"* * * A judgment recording a compromise settlement and dismissing the action 'settled and agreed' is sufficient on which to found a *res dudicata* plea. *Central Trust Co. v. Harless,* 108 W. Va. 618, 152 S. E. 209; *Murden v. Wilbert,* 189 Va. 358, 53 S. E. (2d) 42; 50 C. J. S., Judgments, § 634."

A review of the cases decided in Virginia convinces us that the Order of Dismissal by the Law and Equity Court of the City of Richmond, Virginia, was a "dismissed agreed" one because it appears upon the face of the order that there was a settlement between the parties concerning the custody of the infant children and there was a mutual agreement to terminate the case. Such a judgment of dismissal entered by agreement of the parties, pursuant to a compromise or settlement of the controversy, is a judgment on the merits, barring another action for the same cause and is equivalent to a judgment of *retraxit*. If the respondent here had instituted in the Courts of Virginia the action commenced by her in the Courts of this State, the appellant could have successfully interposed a plea of *res judicata* as a defense to said action. Since the judgment entered in the Virginia Court by agreement or consent is *res judicata* in that State, it is *res judicata* and entitled to full faith and credit in this State. We are required under Art. IV, Sec. 1 of the Constitution of the United States to give the same faith and credit in this State to the "dismissed agreed" order or judgment as "by law or usage" the Courts of Virginia would give to such order or judgment.

It is undisputed that the parties in the Virginia proceeding are the same as the parties here. The issue before the Court in Virginia and in the Court here was which of the parties should have the custody of the three minor children. There is, therefore, an identity of parties and subject matter.

We should point out that we have held in a number of cases that changed circumstances may authorize the change of custody of minor children. We have held that the Court may at any time on the application of any interested party, or even on its own motion, upon sufficient showing, make further disposition of the custody of a child, if new facts and circumstances make it necessary or desirable for the child's welfare. A judicial award of the custody of a child is never final. *Ex parte Atkinson,* 238 S. C. 521, 121 S. E. (2d) 4. Applying this rule to the instant

case and after examining the pleadings and the entire record we find neither allegation nor proof of any changed circumstances authorizing a change of the custody of the minor children of the parties to this action.

Since we have reached the conclusion that the "dismissed agreed" order of the Law and Equity Court of the City of Richmond, Virginia, is a bar to this action between the same parties for the same cause, in the absence of any allegation or proof of any changed circumstances requiring a change of the custody of the children here involved, the agreement reached by the parties prior to the order of the Virginia Court is still of full force and effect.

The exceptions of the appellant raise other issues which we find unnecessary to decide in view of the conclusion heretofore reached.

It is likewise unnecessary for us to consider the exception of the respondent to the order of the Honorable J. Robert Martin, Jr., granting the motion of the appellant to stay the execution of the order of the Juvenile and Domestic Relations Court of Greenville County.

Reversed.

TAYLOR, C. J., and LEGGE and LEWIS, JJ., concur.

OXNER, J., dissents.

OXNER, JUSTICE (dissenting).

The Court holds that the consent order of the Virginia Court dismissing the *habeas corpus* proceedings instituted there after appellant and respondent had reached an agreement as to the custody of their children is a judgment which, under the Full Faith and Credit Clause of the Federal Constitution, precludes the courts of this State, in the absence of any change in conditions, from inquiring into and determining what is for the welfare and best interests of these children. At the time this agreement was made the marital domicile of the parties was in North Carolina. Appellant

continues to be a resident of that State. Under the view taken by the majority of the Court, not only would this order constitute, in the absence of a change in conditions, an adjudication binding on the courts of this State but also on those of North Carolina. I do not agree that it has such effect.

It is generally held that the judgment of a Court of one State as to custody of children must, in the absence of fraud or want of jurisdiction, be given full effect in every other State as to the facts before the Court at the time such judgment was rendered. *Hartley v. Blease,* 99 S. C. 92, 82 S. E. 991; Annotation 116 A. L. R. 1299. The underlying reason for this was stated by Mr. Justice Frankfurter in a concurring opinion in *People of State of New York ex rel. Halvey v. Halvey,* 330 U. S. 610, 67 S. Ct. 903, 907, 91 L. Ed. 1133, as follows: "The constitutional policy formulated by the Full Faith and Credit Clause cannot be fitted into tight little categories or too abstract generalities. That policy was the nationwide restriction of litigiousness, to the extent that States, autonomous for certain purposes, should not be exploited to permit repetitive litigation. In substance, the Framers deemed it against the national welfare for a controversy that was truly litigated in one State to be relitigated in another. Such limitation does not foreclose inquiry into what was litigated and what was adjudicated."

In this proceeding respondent is not seeking to relitigate an issue which has been litigated in Virginia. The merits of the present controversy were never considered nor passed upon in that State. In fact, the agreement made between the parties was never exhibited to the Court. It follows that the order entered by the Virginia Court was not pronounced in the exercise of its judicial function. Such order, referred to in the Virginia decisions as an order "dismissed agreed", is apparently there regarded as binding on the parties because the courts "cannot change the contract of the parties without their consent." *Bardach Iron and Steel Co. Inc., v. Tenenbaum,* 136 Va. 163, 118 S. E. 502. This is in accord with

the general rule that a judgment or decree, though entered by consent of the parties, is *res judicata* to the same extent as if entered after contest. *Norton v. Planters Fertilizer & Phosphate Co.,* 206 S. C. 119, 33 S. E. (2d) 247; Annotation 2 A. L. R. (2d) 514. I do not question the soundness of this principle when applied to an ordinary civil action. If this were purely a personal contest between the parties over a legal right, there would exist a basis for holding that the Virginia order is binding. But I do not think it is binding in another State in a proceeding relating to the custody of children. Such a proceeding is not to be judged, nor the results measured, altogether by technical rules that have to do with property rights. Like marriage, the custody of young children is of importance to the State. It is not a property right of the parents. It is stated in 17A Am. Jur., page 31: "If the original award was made casually, pursuant to an agreement of the parties and without a true judicial consideration of the facts, it is proper to consider the facts as they existed at the time the decree was entered in determining whether the order should be modified."

The reasons advanced in the Virginia decisions for the binding effect of an order "dismissed agreed" have no application here. While these parties were at liberty to contract with each other with respect to the custody of their children, such a contract is not binding on the courts. It is always open to judicial inquiry as to whether such agreement is for the best interests of the children. "Parents have no 'property rights,' in the ordinary sense of that term, in or to their minor children, and accordingly a parent's right of control or custody of a minor child is not a property right which may be bargained, sold, or otherwise disposed of." 67 C. J. S., Parent and Child, § 11, page 636. As stated by Mr. Justice Jackson in his dissenting opinion in *May v. Anderson,* 345 U. S. 528, 73 S. Ct. 840, 847, 97 L. Ed. 1221: "Custody is viewed not with the idea of adjudicating rights *in* the children, as if they were chattels, but rather with the idea of making the best disposition possible for the welfare of the children."

In a case of this kind the rights of the parents are subordinate to the welfare of the children. *Graydon v. Graydon,* 150 S. C. 117, 147 S. E. 749. While their rights will be duly regarded, the paramount consideration is the best interests of the children. *Koon v. Koon,* 203 S. C. 556, 28 S. E. (2d) 89; *West v. West,* 208 S. C. 1, 36 S. E. (2d) 856; *Dillon v. Dillon,* 219 S. C. 255, 64 S. E. (2d) 649. This paramount consideration is for determination by the courts and not by the parents. The contract between these parties entered into in Virginia does not under my view preclude the courts of this State from determining the question of custody or as to how custody should be divided between these parties. The children are lawfully in this State and, in my opinion, the question as to whether the agreement made by the parents is for their best welfare is open for judicial determination.