SAVOY, Judge.
This matter is on appeal by plaintiff from an adverse judgment rendered against him in the district court.
In his written reasons for judgment, the trial judge has correctly set forth the facts of the case, which we adopt as our own and which are as follows:
“Relator, Dickie Dean McClary, brings this habeas corpus suit to recover custody of his two children, Troy McClary, born on September 13, 1961, and Shannen McClary, born July 10, 1963. These two-children are presently in the custody of relator’s divorced wife, Sandra Kay Stacy, who now resides at DeRidder, in Beauregard Parish, Louisiana.
“The pleadings and the evidence disclose that relator and Sandra Kay Stacy were married at Sioux City, Iowa, on June 11, 1960, and established their matrimonial domicile in Woodbury County, Iowa. Of this marriage were born the two children named above. In 1964, Mrs. Stacy filed a suit against relator for an absolute divorce. Relator filed a cross complaint seeking a divorce on two grounds, namely, adultery and cruel and inhuman treatment. While the suit was pending relator filed an application for temporary custody of the two children on the ground that his wife was not a fit person to have the temporary care of the children. A hearing was held on this application on January 6, 1965, and the court found that the children were being well cared for by Mrs. Stacy and that relator had failed to prove that his wife was an unfit person to have the temporary care of the children. Temporary custody was continued in Mrs. Stacy.
“On March 9, 1965, relator and his wife entered into a written stipulation pertaining to the custodial rights of their two-children, payment of child support and property matters. By the terms of the stipulation Mrs. Stacy was given the custody of the children from the date of the divorce decree until approximately the 1st day of July, 1965, at which time relator was to have the custody of the children until January 1, 1966. Thereafter custody was to alternate between the parents each six months until Troy McClary entered school, at which time Mrs. Stacy was to have the sole and complete custody of the children during the school year and relator to have the custody of the children during the vacation months. The noncustodial parent had the right to visit the children at reasonable times and places.
“On the same date that the above agreement was entered into, March 9, 1965, the district court of Woodbury County, Iowa, after hearing, granted relator a divorce on his cross complaint on the ground of cruel and inhuman treatment, and dismissed Mrs. Stacy’s petition for divorce. With reference to the custody of the children the decree recites 'that parties hereto have entered into a written stipulation pertaining to the custodial rights of their two children, payment of child support monies, and property matters as between them and that said stipulation should be and the same is hereby approved * * * and incoi'porated in this decree * * * as though fully set forth at length herein.’
“Shortly after the parties were divorced, Mrs. Stacy met her present husband, Joseph W. Stacy, Jr., who was and is presently a member of the United States Army stationed at Fort Polk, in Vernon Parish, Louisiana. The meeting was in Sioux City, Iowa. Stacy proposed marriage and Mrs. Stacy and her two children then left Sioux City, Iowa, on or about March 25, 1965, and journeyed to Leesville, Louisiana. Mrs. Stacy’s purpose in coming to Leesville, Louisiana, was to contract marriage with *121 Mr. Stacy. On April 3, 1965, Mr. and Mrs. Stacy were married at Jasper, Texas and established a home in Leesville, Louisiana. Subsequently, they moved to 111 Wilson Street in DeRidder, Louisiana, where they presently reside. The two children in dispute make their home with Mr. and Mrs. Stacy in DeRidder, Louisiana.
“Oil April 5, 1965, relator applied to the district court of Woodbury County, Iowa, in the same proceeding where he had obtained his divorce, for an order directing Mrs. Stacy to show cause why the divorce decree should not be amended so as to grant to relator the permanent care, custody and control of the two children. A hearing on this application was fixed for April 19, 1965, and the order directed that notice of the hearing be given to Mrs. Stacy by restricted, certified mail at her last known address, 1601 S. Patterson Street, Sioux City, Iowa, and also in care of her parents Mr. and Mrs. Marvin Kraft, 1915 So. Helen St., Sioux City, Iowa. Both letters attempting to notify Mrs. Stacy of the hearing were returned unclaimed and on the date fixed for hearing, April 19, 1965, the Court ordered service on Mrs. Stacy by publication in The Daily Reporter, a newspaper published in Sioux City, Iowa, and fixed May 20, 1965, as the hearing date. On May 20, 1965, Mrs. Stacy was held to be in default and on motion of relator the matter was continued until June 4, 1965, on which date the hearing was held. After hearing the evidence adduced by relator, the Court amended its decree of March 9, 1965, and awarded the permanent care, custody and control of the two children to relator subject only to the right of visitation accorded to Mrs. Stacy. In that amended decree the Court found that relator was a fit and proper person to care for the children and that Mrs. Stacy, by her demeanor, had raised grave doubts in the mind of the Court to care for the •children on the basis provided in the decree of divorce rendered on March 9, 1965. Mrs. Stacy was not present, and was not represented by counsel, at the hearing on June 4, 1965, and she testified that she had no knowledge of the hearing. It is undisputed that Mrs. Stacy was in the State of Louisiana with her two children on April 5, 1965, when the application for modification of the divorce decree was made, she having arrived in Leesville, Louisiana, about March 25, 1965, and that since March 25, 1965, she and her two children have resided in the State of Louisiana continuously and at no time since March 25, 1965, has she or the children been in ths. State of Iowa.”
In this Court, counsel for plaintiff states that the trial judge erred in the following particulars:
“(1) In finding that respondents had discharged their burden of establishing lack of jurisdiction in the Iowa court when it rendered the modified custody decree of June 4, 1965.
“(2) In refusing to give full faith and credit to the earlier divorce judgment rendered on March 9, 1965, by the Iowa court in which was incorporated the stipulation of the parties concerning the matter of custody.
“(3) In awarding custody to the respondent without first finding changed conditions since rendition of the Iowa judgments of such a nature as to require modification thereof.”
On the other hand, counsel for defendants contends that since defendant wife and the children born of the union between her and plaintiff were no longer living in Iowa at the time plaintiff applied for a modification of the decree nor on the date when the amended decree was granted to plaintiff on June 4, 1965, that court had no jurisdiction over the subject matter and the full faith and credit provisions of Section 1 of Article 4 of the United States Constitution are not applicable in the instant case. Defendant also contends that the decree of March 9, 1965, is not entitled to be *122 recognized by the courts of this State because it was a consent decree and not the result of a contradictory hearing on questions of custody. Alternatively, defendant argues that should either the decree of March 9th or June 4th be recognized as being entitled to the full faith and credit clause of Article 4 of the United States Constitution, then circumstances have changed since the Iowa decrees were rendered which now require the wife should have the custody of said minor children, that the trial judge properly found defendant to be entitled to the permanent custody of the two children born of the union with plaintiff.
In the case of Helton v. Crawley, 241 Iowa 296, 41 N.W.2d 60, decided by the Supreme Court of Iowa, that court had before it for decision the following facts. Plaintiff and defendant were life-long residents of Missouri and were married in that state in February, 1940. Children were born of this marriage. Defendant wife filed a suit against plaintiff husband for a divorce and custody of the children in Missouri. The husband filed a cross-bill asking for a divorce and custody of the children. After trial on the merits, the wife’s petition was dismissed and the husband obtained a divorce and he was awarded custody of the children. The decree provided that for the time being, the children should live with a couple designated by the court named Bishop. The decree also provided that the children should not leave the State of Missouri without court permission; that the mother should be informed of the whereabouts of the children and have the right to visit- them at all reasonable times, and she was permitted to have custody of the children for two weeks during each year. Defendant married again, and she and her husband moved to the State of Iowa with the children without knowledge or permission from the Missouri court, or plaintiff. She later telephoned the welfare authorities in Missouri that she did not intend for the children to return to Missouri. Plaintiff husband then filed a habeas corpus proceeding in Iowa praying that the custody of the children be granted to him in accordance with the Missouri decree. Defendant filed an answer stating that under Missouri laws a decree awarding custody of children is not final and that it could be changed if the welfare of the children requires it. She also alleged that conditions changed since the divorce and that conditions were such that she should be awarded custody of the children. The trial court awarded custody of the children to defendant, and this was affirmed by the Iowa Supreme Court. The court found that the Missouri and Iowa statutes were similar in that the decrees of custody of minor children in each state were always subject to revision if changed conditions required it. As to the argument on behalf of plaintiff that the Missouri decree was entitled to full faith and credit under the Federal Constitution, the court made this comment:
“Article IV, section 1 of the Constitution of the United States provides that 'Full Faith and Credit shall be given each State to the * * * judicial Proceedings of every other. State.’ Without doubt the provision of the: Missouri decree awarding the custody of the children to their father was within the protection of this constitutional, clause and entitled to recognition outside of Missouri, and cannot be questioned with respect to facts on which the decree was based. But the Missouri custodial decree is res judicata of only what was at issue in said cause- and adjudicated by that court, and it is protected by the constitutional provision only to that extent. Judicial decrees and orders providing for the custody of minor children are not unalterable finalities, even though they may appear so on their face, but are provisional and subject to change as future conditions and circumstances may require in the best interests and for the welfare of the children. When such changes or modifications are *123 later made by a court of the state, ■which rendered the original decree, or by a court of another state, such subsequent decrees or judgments will not be in contravention of the constitutional command, or attacks on the earlier judicial proceeding.
“We must accept the record before us as establishing that there were changes, subsequent to the rendition of the Missouri decree, in the conditions and circumstances surrounding the children to sustain and justify the decree of the trial court in changing the custody as fixed by that decree, and awarding their custody to the mother of the children.”
* * * * * *
“The Federal constitutional provision on which plaintiff relies requires that a state shall give to the decree or judgment of a court of a sister state only the force and effect to which it is entitled in the state where it is rendered, and if the courts of the latter state can modify a minor-child-custody order or decree upon a proper showing of a change of circumstances since its rendition, the courts of another state ■can do likewise. * * * People of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; * *
In the recent case of Ford v. Ford, 371 U.S. 187, 191, 83 S.Ct. 273, 9 L.Ed.2d 240, the court had a case which parallels the instant case. In that case a controversy arose between husband and wife as to the custody of their minor children. The husband filed a habeas corpus suit against his wife in Virginia in 1959, alleging that the wife had the children but was not a suitable person to keep them, and asking that they be produced before the court and custody awarded to him. The wife filed an answer alleging that she was the proper person and asked that she be given custody of said children and prayed that the writ be dismissed. Thereafter negotiations took place between the parties represented by counsel, and they agreed on a divided custody arrangement. Generally the agreement specified that the husband was to have the children during the school year and the wife was to have them during summer vacation and other holidays. The court, taking cognizance of this agreement, dismissed the suit. In 1960, the mother, while in South Carolina staying with her mother, filed a suit in that state for full custody of the children, alleging that she was the proper person to have custody and her husband was not. Defendant filed an answer stating that the mother was unfit to have custody of the children and also that she had violated and breached the agreement between the parties made in Virginia and also had violated the Virginia order. After a hearing, the trial judge in South Carolina found both parents to be fit, but held that it was to the best interest of the children that the mother have custody of said children. He also held that the order of dismissal in the Virginia court was not res judicata. The Court of Appeal (Court of Common Pleas) of South Carolina affirmed the district court judgment. On appeal by plaintiff to the Supreme Court of South Carolina, that court reversed both the district court and the court of appeal, and held that the Virginia judgment was res judicata and was entitled to full faith and credit in South Carolina by virtue of the provisions of Article IV, Section 1 of the Constitution of the United States. The United States Supreme Court, upon application of defendant, granted a writ of certio-rari to consider the question of full faith and credit upon which the South Carolina Supreme Court’s judgment was based. The United States Supreme Court reversed the decision of the South Carolina Supreme Court, 239 S.C. 305, 123 S.E.2d 33. It stated that it reserved its ruling as to whether the South Carolina court’s interpretation of the Full Faith and Credit clause was correct. The court based its decision primarily on the premise that the Virginia court had *124 not held any hearings as to the custody of the children. It held that under Virginia law, the parents could not hind the courts of that state by their agreement. Welfare of the infant is the paramount and controlling consideration of the courts in all controversies between parents over the custody of their minor children.
After an examination of the above authorities, we are of the opinion that, whether or not the Iowa court had jurisdiction over the subject matter and persons in the decrees of March 9, 1965, and June 4, 1965, the trial judge in the instant case likewise had jurisdiction over the subject matter and parties in the instant Louisiana case. Both parties were before the court, and the minor children were likewise in Beauregard Parish, Louisiana, at the time of the filing and hearing of the habeas corpus.
We will next consider whether the trial judge committed reversible error in awarding custody of the minor children.
A hearing was had in which the evidence shows that plaintiff is living in Iowa and has not married since his divorce from his wife. The children would live with relatives of his in Iowa if he were awarded custody of the children.
The wife has remarried and is living with her husband in DeRidder, Louisiana. He is a soldier in the United States Army, being stationed at Fort Polk, Louisiana. The parties have adjusted well to the marriage, and the children are happy.
Considering the evidence adduced at the hearing held in the instant case, we are of the opinion that a proper showing was made by defendant showing a change in circumstances since the rendition of the June 4, 1965 decree in the State of Iowa, and that the trial judge was correct in holding that the best interest of the children would be served by awarding custody of them to their mother, especially in view of the tender age of said minor children.
For the reasons assigned, the judgment, of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.